FILED ☑    LODGED ☐
RECEIVED    COPY

SEP 2 5 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1   Larissa Zagorsky-Beaudoin
    c/o P.O. Box 36363
2   Phoenix, AZ 85067
    602-554-8377
3   lzb1946@gmail.com
4   Plaintiff, In Pro Se

5

6           **IN THE UNITED STATES DISTRICT COURT**

7           **FOR THE DISTRICT OF ARIZONA**

8   LARISSA ZAGORSKY-BEAUDOIN, legal or   )   Civil Action No: **CV-18-03031-PHX-JZB**
    beneficial owner of deceased David A. Beaudoin's  )
9   Estate, and his 1/3 exclusive copyright ownership  )  **COMPLAINT (with supporting Affidavit**
    interest in "All Night Long" musical work,        )  **of Larissa Zagorsky-Beaudoin)**
10                                  )
11             Plaintiff,              )
                                    )
12         -v-                 )
13                                     )
    WARNER MUSIC GROUP INC., a Delaware corp.;  )
14   RHINO ENTERTAINMENT COMPANY, a        )
    Delaware corp.; MUSIC REPORTS, INC., a      )
15   Delaware corp.; W.B. COLITRE, V.P. and General  )
    Counsel for Music Reports, Inc.; AMAZON. COM,  )
16   INC., a Delaware corp.; APPLE INC. (iTUNES), a  )
    California corp.; MYSPACE MUSIC LLC, a      )
17   Delaware corp.; SLACKER, INC., a California corp.; )
    BRILLIANT DIGITAL ENTERTAINMENT, INC.   )
18   d/b/a ALTNET and KAZAA; PAM LUENEBURG   )
    aka PAM BARNES, Rhino Ent. Co. V.P. Pub. Admin.; )
19   BRIAN OPPENHEIMER, Project Supervisor for    )
    Music Reports, Inc.; ATLANTIC RECORDING    )
20   CORPORATION, a Delaware corp.; JOHN COSENZA )
    V.P. Royalty and Income Tracking for WMG; EMUSIC.)
21   COM INC., a Delaware corp.; PANDORA MEDIA, INC)
    a Delaware corp; MICROSOFT CORPORATION, a   )
22   Delaware corp. with companies Zune and Xbox Music; )
23   KRIS AHREND, Rhino Ent. Co. Sr. V.P. Bus. and Legal)
    Affairs; EBAY INC, a Delaware corp.; HEARTLAND  )
24   MUSIC.COM and IMPORT CDS, INC. (owned by   )
    Alliance Ent. LLC, a Delaware corp.; DOES 1--10;  )
25             Defendants.          )
26

27

28

Complaint (w/Plaintiff's supporting Affidavit)

## PRELIMINARY STATEMENT

1. Plaintiff, Pro Se, the legal or beneficial owner of deceased David A. Beaudoin's Estate, and "sole universal legatee" of his Will (*see* Plaintiff's supporting Affidavit), institutes this civil action against Defendants under 17 U.S.C. § 501(b) (and Defendants Does 1-10 when each true name becomes known), and 17 U.S.C. § 101 *et seq.,* regarding Plaintiff's 1/3 exclusive copyright ownership interest in David A. Beaudoin's Pre-1972 "All Night Long" musical work.

2. Plaintiff alleges Defendants, Warner Music Group ("WMG"), Rhino Entertainment Co. ("Rhino"), Music Reports, Inc. ("MRI"), and W.B. Colitre ("Colitre") (V.P. and Gen. Counsel for MRI), in conspiracy, and under the guise of music/recording/licensing organizations, used their *abuse of power* leverage to oppress the Beaudoin Bros.' "All Night Long" copyright owner-ship, and "willfully" committed criminal infringements by ISRC fraud, RICO Racketeering, music piracy, mail fraud, and aided and abetted infringements for commercial advantage or private financial gain – without permission from Plaintiff (ASCAP Publisher/Licensor), or a "valid" digital compulsory license, or negotiated license from 2009-2018.  This case exemplifies a **"DAVID v. GOLIATH"** battle over the Beaudoin Bros. federal statutory exclusive ownership rights in the Pre-1972 copyrighted "All Night Long," and Defendants larceny copyright **THEFT**.

3. By the likelihood of success on the merits of this case, Plaintiff seeks injunctive relief (17 USC § 502(a)(b) against all Defendants, to prevent and prohibit *continued* "willful" criminal copyright infringement of "All Night Long" (§ 506 and 18 U.S.C. § 2319), that has caused irreparable harm to the copyright by larceny theft and large-scale piracy which, unless enjoined by this Court, will leave Plaintiff with no adequate remedy at law. Plaintiff seeks all damages allowable by law against all Defendants, who are directly liable, jointly and severally (§ 504(c)(1)(2) for "willful" criminal copyright infringements, exemplary/punitive damages to deter infringement and set example, and increased civil/criminal penalties under the 2008 PRO IP Act.

Complaint (w/Plaintiff's supporting Affidavit)

4. Plaintiff hereby invokes legal doctrines such as equitable estoppel, continuous tort violations tolling limitations, repeat infringements after cease and desist demand letter, automatic terminated license by default, RICO Racketeering, and *conspiracy* when last overt act is committed precluding 17 U.S.C. 507(b) – IF Defendants allege affirmative defense limitations.

5. This civil action could trigger a separate "smoking gun" class action suit against Defendants, Rhino, WMG, and Pam Lueneburg (Rhino V.P. Pub. Admin), for ISRC fraud by *intentionally* assigning an invalid code for digital royalties payable to a third party for about 50 other Pre-1972 songs in a fraudulent scheme – besides "All Night Long."

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this civil action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright); "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights". . ."No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights." 17 U.S.C. § 301(a) preempts state laws providing an "equivalent right" of "exclusive rights within the general scope of copyright as specified by section 106". . . "no person is entitled to any such . . . equivalent right in any such work under the common law or statutes of any State."

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the parties by diversity of citizenship between citizens of different states, and between a citizen of a state and a citizen of a foreign country. Plaintiff is a citizen of Arizona. Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of copyright infringements complained of herein have occurred in this District where Plaintiff resides. In the event Defendants attempt a venue transfer to avoid Plaintiff's choice of forum, Plaintiff will be prejudiced. Diversity jurisdiction will also be jeopardized since Plaintiff and

Complaint (w/Plaintiff's supporting Affidavit)

Defendants are citizens of different states.  In the interest of fairness and justice in which this District Court has wide discretion, Defendants have unlimited resources to travel in the U.S., including to Phoenix, to defend their proceeding. Electronic document filing is also available. Conversely, a venue transfer would cause Plaintiff to file a motion to dismiss her action because of no financial means to travel outside of Phoenix; the statute of limitations would preclude this civil action; and Plaintiff's legal or beneficial 1/3 exclusive copyright ownership interest in David A. Beaudoin's "All Night Long" musical work would be foreclosed.

## THE PARTIES

**Plaintiff:**

9. Plaintiff, In Pro Se, Larissa Zagorsky-Beaudoin, a 72 yr. widow, is an AZ resident. Mailing add: P.O. Box 36363, Phoenix, AZ 85067. Ph. 602/554-8377. Email: lzb1946@gmail.com.

**Defendants:** NOTE: The information below is provided upon Plaintiff's belief. Defendants DOES I-10 true names and capacities are unknown. Plaintiff intends to seek leave to amend Defendants on pg. 1 in this Complaint when ascertained.

10. *Warner Music Group, Inc/Corp*, a Delaware corp. Bus. add: 1633 Broadway, New York, N.Y. 10019. Ph. 212/275-2000.

11. *Rhino Entertainment Company,* a Delaware corp. (subsidiary of Warner Music Group). Bus. add: 3400 West Olive Avenue, 4th Fl., Burbank, CA 91505. Ph. 818/238-6200.

12. *Music Reports, Inc.*, a Delaware corp. Corporate office: 21122 Erwin St., Woodland Hills, CA 91367. Ph. 818/558-1400. Email: shareinfo@musicreports.com.

13. *W. B. Colitre*, Music Reports, Inc.'s V.P., and Gen. Counsel. Corporate office: 21122 Erwin St., Woodland Hills, CA 91367. Ph. 818/558-1400.

14. *Amazon.com, Inc.*, a Delaware corp. Headquartered at 410 Terry Ave. N. Seattle, WA 98109-5210. Ph. 206/266-1000.

15. *Apple Inc. [iTunes]*, a CA corp. Headquarters: 1 Infinite Loop, Cupertino, CA 95014-

Complaint (w/Plaintiff's supporting Affidavit)

2083. Ph. 720/479-9451 [29th St.]; 800/692-7753.

16. *MySpace Music LLC*, a Delaware corp. Bus. add: 424 N. Maple Dr., Bev. Hills, CA 90210. Ph. 424/202-6001. Email: musiclicensing@supportmyspace.com.

17. *Slacker, Inc.,* a CA corp. Bus. add: 16935 W. Bernardo Dr., Suite 270, San Diego, CA 92127. Ph. 858-943-5000.

18. *Brilliant Digital Ent. Inc. (d/b/a Altnet and Kazaa)*. Bus add: 14011 Ventura Blvd., Suite 501, Sherman Oaks, CA 91423. Ph. 818/508-5755.

19. *Pam Lueneburg (aka Pam Barnes)*, Rhino V.P Pub. Admin. Bus. add: 3400 West Olive Avenue, 4th Fl., Burbank, CA 91505. Ph. 818/238-6276. Email: Pam.Barnes@wmg.com.

20. *Brian Oppenheimer*, MRI Project Supervisor. Mailing Add: 21122 Erwin St., Woodland Hills, CA 91367. Ph. 818/558-1400. Email: brian@musicreports.com.

21. *Microsoft Corp.*, a Delaware corp. Headquartered at One Microsoft Way, Redmond, WA 98052-6399. Ph. 800/642-7676. Microsoft companies (Zune and Xbox).

22. *Atlantic Recording Corp.*, a Delaware corp. and subsidiary of Warner Music Group. Bus. add: 1633 Broadway, New York, N.Y. 10019. Ph. 212/707-2000.

23. *John Cosenza*, V.P. Royalty & Income Tracking, Warner Music Grp. Business add: 1633 Broadway, New York, N.Y. 10019. Ph. 212/275-2000.

24. *EMusic.Com Inc.*, a Delaware corp. Bus. add: 625 Broadway, 2nd Fl. New York, NY 10012. Ph. 212/201-9240.

25. *Kris Ahrend*, Senior V.P., Bus. and Legal Affairs, Rhino Ent. Co., 3400 West Olive Avenue, 4th Fl., Burbank, CA 91505. Ph. 818/238-6200.

26. *Heartland Music.com*, a CA corp. Two Corp. Offices: (1) 17822 Gillette Ave, Suite A, Irvine, CA 92614. Ph. 630/919-2287. CEO Jeff Walker. (2) 1401 N.W. 136th Ave., Sunrise, FL 33323. Ph. 954/255-4000.

Complaint (w/Plaintiff's supporting Affidavit)

27. *Import Cds.com*. Note: *Heartland Music* and *Import CDs* are owned by Alliance Ent. LLC., a Delaware corp., with bus. add. information in Sunrise, FL, *supra*.

28. *Ebay Inc.*, a Delaware corp. Headquarters: 2025 Hamilton Ave., San Jose, CA 95125. Ph. 408/376-7400; 800/540-3229.

29. *Pandora Media, Inc.*, a Delaware corp. Bus. add: 2101 Webster St., Ste. 1650, Oakland, CA 94612. Ph. 510/451-4100. Email: publishing@pandora.com. Rdio, Inc. is a subsidiary.

## NATURE OF THE CASE

30. In Jan. 2009, Rhino Entertainment Co. sent Plaintiff/ASCAP Publisher of "All Night Long" a letter requesting a mechanical license to include this song in a 4 CD box set "tentatively titled". . . *Los Angeles Nuggets* with about 100 tracks by various artists to be released in Sept. 2009 (*see* **Ex. A** attached hereto). By a "valid" negotiated compulsory mechanical license dated 9/15/09, by and between Plaintiff (Publisher/Licensor), and Defendant, (Rhino/Licensee), Defendant, Pam Lueneburg (Rhino V.P. Pub. Admin.), *voluntarily* signed Plaintiff's original "Zagorsky-Beaudoin" license, on behalf of Rhino, limiting "manufacture and distribution of *Where the Action Is! Los Angeles Nuggets 1965-1968* in a 4-disc boxed set "solely" in U.S. territories (*see* **Ex. B** attached hereto). Above her authorized signature, Pam Lueneburg acknowledged the "accuracy" and "provisions and terms contained herein" as follows: *"We acknowledge a receipt of a copy of this License, and the accuracy of the provisions and terms contained herein." "RHINO ENTERTAINMENT COMPANY/A WARNER MUSIC COMPANY."*

31. It was Plaintiff and Rhino's *intent* for their relationship to be governed under the Copyright Act (§ 115). Plaintiff's 1-pg. license was substantially similar to Harry Fox Agency (HFA) 2-pg. license "under the compulsory license provision of Section 115 of the Copyright Act." Compulsory licensee, Rhino, was *obligated* to provide Plaintiff with "detailed cumulative

Complaint (w/Plaintiff's supporting Affidavit)

annual statements of account, certified by a certified public accountant" (§ 115(5) – "EXCEPT" – no notice was required, royalty payments were quarterly, statutory royalties were reduced.

32. Pursuant to 17 U.S.C. §101, the U.S. is a party to the WIPO Copyright Treaty. WIPO publication no. 897 (E) (2004) regarding "Compulsory Licenses" (by I. Fred Koenigsberg, White & Case, N.Y., specializing in intellectual property law) states, in part: . . . "a negotiated license within the parameters of a compulsory license may incorporate the compulsory license's other terms by reference or may modify those terms." Plaintiff's 9/15/09 negotiated license with Pam Lueneburg (on behalf of Rhino/Licensee) with modified terms "within the parameters of a com-pulsory license" meets WIPO's criterion of a valid compulsory license. Further, Pam Barnes (aka Lueneburg) acknowledged Plaintiff's "valid" license in a 2012 email by stating; . . . "the license in place is still valid" [i.e., the license she signed on 9/15/09] (*see* **Ex. R** attached hereto – pg. 1).

### A. "All Night Long" Brief Overview

33. "All Night Long" was recorded by the Palace Guard, produced by Orange-Empire Prod. Inc. in 1965, and fixed on 45 singles. The "sensational" Palace Guard band, with three Beaudoin Bros., were the featured house band for Dave Hull's world famous Hullabaloo Club on Sunset Blvd. known as the "The Rock & Roll Showplace of the World"; and appeared on TV shows such as: Casey Kasem's *Shebang*, Sam Riddle's *9th Street West*, *Shivaree*, *Hollywood A' Go Go*, *Shindig*, Dick Clark's *Where the Actions Is*, and the *Loyd Thaxton Show*. The Palace Guard recorded about a dozen songs. "All Night Long" was co-authored by the Beaudoin Bros., and arranged by the Oscar-winning composer and producer Jack Nitzsche.

### B. Beaudoin Bros. Proof of Valid "All Night Long" Copyright Registrations

34. 17 U.S.C. § 106: A copyright owner has exclusive rights to; reproduce, prepare deriv-ative works, distribute, perform, display. A copyright infringement case requires (1) proof of a valid copyright (§ 501(b); and (2) defendants infringement of these exclusive rights (§106).

35. The Beaudoin Bros. valid "All Night Long" copyright registrations of public record (*see* **Ex. C** attached hereto) follows: Original reg. # EU892556 (7/15/65); Sup. reg. # Pau-985-963 (11/28/86); Renewal reg. # RE-611-600 (4/1/93) by David A. Beaudoin. Plaintiff alleges all Defendants have "willfully" infringed Donald Beaudoin, John J. Beaudoin, and David A. Beaudoin (the "Beaudoin Bros.") exclusive "All Night Long" rights (§106); and Plaintiff's 1/3 copyright ownership interest in David A. Beaudoin's exclusive rights in this musical work.

36. Pursuant to 17 U.S.C. § 201(a), three Beaudoin Bros. are "authors of a joint work," and "coowners of copyright in the work" "All Night Long." Thus, any and all statutory/exemplary/ and/or punitive damages, etc., awarded by this Court to Plaintiff must be shared equally and divided 1/3 between the three Beaudoin Bros. Estate heirs.

## FACTUAL ALLEGATIONS
## FIRST CLAIM FOR RELIEF

### Direct "Willful" Copyright Infringement, Jointly and Severally,
### (against Defendants, Rhino/Pam Lueneburg/WMG/MRI/W.B. Colitre/Brian Oppenheimer)
### 17 U.S.C. § 504(c)(1)(2); Exclusive Rights Infringements (§ 106);
### Conspiracy to Commit Infringement (18 U.S.C. § 371); RICO (18 U.S.C. § 1961, *et seq.*);
### Aiding and Abetting Infringement (18 U.S.C. § 2); ISRC Fraud (§ 115(F) Violations;
### Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319).

37. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges every allegation as if fully set forth herein.

38. Plaintiff was unaware when Pam Lueneburg signed Plaintiff's 9/15/09 compulsory mechanical license on behalf of Rhino (*see* pg. 6, no. 30, *supra*), that Defendants, Rhino, and Pam Lueneburg (Rhino V.P. Pub. Admin), fraudulently concealed an invalid ISRC code assigned to "All Night Long" registered to Nigel Richards in 2008 – of recordings owned by him. Plaintiff alleges Defendants *knew* digital sales would not be tracked to the Beaudoin Bros.; that "09" in the USRHD0900559 ISRC code indicates the 2009 year *Where the Action Is! . . .* 4 CDs were released; that 7 digits identify individual songs; that "US-RHD" indicates **Rh**ino-**D**igital; and

that Defendants *intentionally* assigned Nigel Richards 2008 invalid ISRC to "All Night Long" of digital royalties payable to him before releasing *Where the Action Is!* . . . 4 CDs in 2009.

39. Plaintiff alleges Defendants, Rhino, Pam Lueneburg, and WMG conspired to release TWO FORMATS of *Where the Action Is!* . . . and was unaware of Defendants ISRC digital fraud scheme when Ms. Lueneburg signed Plaintiff's 9/15/09 mechanical compulsory license (*see* **Ex. B** attached hereto). Plaintiff alleges Defendants are directly liable, jointly and severally (504(c)(1)(2)), for conspiracy (§ 371) to commit "willful" criminal copyright infringement of "All Night Long" with *criminal intent* actionable under §§ 506 and 2319, for ISRC fraud in violation of §115(F), and for violation of the Beaudoin Bros. exclusive derivative rights (§106).

40. Plaintiff alleges that all so-called *Rhino Pure* statements since 2009 showing 27¢ digital royalties for "All Night Long" (up to quarter ending 12/2010) to Plaintiff as a "Vendor" instead of Licensor/Publisher, with Nigel Richards invalid ISRC are fraudulent and false; and that quarterly statements for other copyright owners/artists of about 100 Pre-1972 songs embedded in *Where the Action Is! Los Angeles Nuggets 1965-1968* containing Nigel Richards same invalid ISRC "USRHD" payable to him — may have been defrauded of statutory royalties also.

41. In 2016, Plaintiff contacted RIAA (Recording Industry Assoc. of America) to confirm Plaintiff's earlier email in 2011, that US-RHD was assigned to Nigel Richards in 2008 regarding "recordings owned by him." RIAA confirmed this to be true (*see* **Ex. D** attached hereto — Plaintiff's 2016 email to RIAA and their response that "US-RH1" was also assigned to Rhino Records in 1990. An ISRC (International Standard Recording Code) is a unique code like a serial-number-per-track so sales and useage can be tracked to copyright owners/artists' songs.

42. Plaintiff alleges Nigel Richards is linked with 611 Records. A 611 S. 4th St. Philadelphia address for 611 Records was found in 2011, while a bald-headed DJ for 611 Records was found in 2016. Regardless, all USRHD ISRCS are payable to him — whoever *they* are.

Complaint (w/Plaintiff's supporting Affidavit)

43.  By *intentionally* violating 115 (F) ISRC encoding requirements for digital phono-records, Plaintiff alleges Defendants, Rhino/Pam Lueneburg/WMG conspired by this *predicate act,* to commit criminal infringement of "All Night Long" in RICO Racketeering beginning in 2009. Defendants *knew* Nigel Richards was not the featured Palace Guard artist performing "All Night Long" in the Pre-1972 sound recording, and never wrote the musical work co-authored by the Beaudoin Bros.  In a 2016 WMG "Publisher Royalty Detail Statement," the words "PAYABLE" USRHD0900559 shows proof digital royalties were "payable" to Richards' "USRHD." (*see* **Ex. E** attached hereto). Plaintiff alleges Defendants herein are directly liable, jointly and severally (504(c)(1)(2)), for "willfully" infringing "All Night Long" exclusive rights (106) by ISRC fraud in violation of 115(F) encoding requirements, and RICO (18 U.S.C. § 1961, *et seq.*)

44.  In 2010, Plaintiff discovered that Defendants, WMG/Rhino/MRI/Colitre, in conspiracy, fraudulently used Nigel Richards' invalid USRHD0900559 ISRC code for "All Night Long" even as a "UPC" code – *knowing* that no bona fide digital sales of "All Night Long" could be tracked, whether by Richards invalid ISRC or a UPC code. Plaintiff orally gave Defendant, Brian Oppenheimer, MRI Project Supervisor, "constructive notice," that exclusive derivative digital reproduction and distribution rights of "All Night Long" were being infringed upon. MRI had a "licensing duty" to take down digital tracks of this song from ALL their client services.

45. Mr. Oppenheimer sent Plaintiff emails, e.g., that MySpace (music pirate using Rhino's fraudulent USRHD0900559 ISRC as a "UPC" code), had taken down "All Night Long" from their service (*see* **Ex. F** attached hereto), but MySpace *continued* digital infringing in 2013. Plaintiff alleges Defendants, Mr. Oppenheimer/WMG/Rhino/MRI/Colitre/MRI clients, are directly liable, jointly and severally (504(c)(1)(2)), for "willfully" infringing exclusive "All Night Long" rights (106), and aiding and abetting infringement (18 U.S.C. § 2) by ISRC/UPC fraud in violation of 115(F).

Complaint (w/Plaintiff's supporting Affidavit)

### SECOND CLAIM FOR RELIEF

**<u>Direct "Willful" Infringement of Copyright, Jointly and Severally,</u>**
**<u>(against Defendants, Amazon,  Rhino, WMG, Pam Lueneburg)</u>**
**17 U.S.C. § 504(c)(1)(2); Exclusive Rights Infringements (§ 106);**
**Conspiracy to Commit Copyright Infringement (18 U.S.C. § 371);**
**Exportation/Importation (§ 602(a)(1)(2)) and Sublicensing (§ 106) Infringements;**
**Music Piracy; Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319).**

46. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges every allegation as if fully set forth herein.

### C.  Amazon/WMG's Music Piracy Conspiracy, Illegal Exportation and Sublicensing

47. Three days after Rhino V.P. Pub. Admin., Pam Lueneburg, voluntarily signed Plaintiff's 9/15/09 compulsory mechanical license (*see* **Ex. B** attached hereto), Plaintiff discovered on 10/30/09 that **AMAZON.COM, INC.** ("Amazon") had been illegally distributing and selling digital MP3s of "All Night Long" by the Palace Guard for 99¢ each since 9/18/09 without ASCAP Publisher/Plaintiff's permission. Plaintiff alleges Defendants, Rhino/Pam Lueneburg/ WMG/Amazon are directly liable, jointly and severally (504(c)(1)(2)), for conspiring (371) to release TWO FORMATS of *Where the Action Is! . . . (see* pg. 9, nos. 39-41, *supra*) without Plaintiff's knowledge, and "willfully" committing derivative infringements with Amazon (WMG partner) – constituting music piracy. Music piracy is defined as unauthorized copying, down-loading, or selling of copyrighted music without permission violating exclusive rights (106).

48.  Plaintiff alleges AMAZON'S conspiracy with WMG to commit music piracy of "All Night Long" is linked to their music business partnership as follows: **"AMAZON TO SELL WARNER MUSIC MINUS COPY PROTECTION"** (Leeds, Jeff, *New York Times,* 12/28/07). Plaintiff alleges this significant article title reveals Amazon/WMG's *intent* to "willfully" infringe copyrights of all hard-working songwriters, upon whose backs mammoth music/recording empires were built; and that Amazon/WMG's *criminal intent* to sell song-writers' music without

Complaint (w/Plaintiff's supporting Affidavit)

copyright protection shows a "reckless disregard" for the Copyright Act, and "willful blindness" to copyright holder's exclusive rights (106). Pam Lueneburg and Rhino (Licensee) *knew* Plaintiff's 9/15/09 compulsory license was "limited to one particular recording of said copyrighted work" with "All Night Long" configured in a 4-disc boxed set of phonorecords in *Where the Action Is! Los Angeles Nuggets 1965-1968*. ASCAP Publisher/Licensor Plaintiff never authorized any digital configurations (*see* **Ex. B** attached hereto).

49.  Plaintiff alleges Defendants, Amazon, Rhino, WMG, and Pam Lueneburg, are directly liable, jointly and severally (504(c)(1)(2)), for music piracy, for conspiring with Amazon to illegally sell MP3 downloads of "All Night Long" embedded in *Where the Action Is!* . . . without permission on 9/18/09, and for "willfully" committing criminal digital infringing acts for commercial advantage or private financial gain. Without a digital compulsory license or negotiated license with Plaintiff, Amazon's "willful" infringement on 9/18/09 of the Beaudoin Bros. exclusive derivative, reproduction, distribution rights under 106 was **INCURABLE**. Section 115(b)(2) regarding a Notice to Obtain Compulsory License plainly states a 30 day deadline:

> *"Failure to serve or file the notice required by clause (1) ["before or within thirty days after making, and before distributing any phonorecords of the work,"] forecloses the possibility of a compulsory license and, in the absence of a negotiated license, renders the making and distribution of phonorecords actionable as acts of infringement under section 501"* . . .

50. In addition to Amazon's illegal MP3 distributions/sales on 9/18/09 (discovered on 10/30/09, *see* pg. 11, no. 47, *supra*), on 1/26/10, 1/27/10 (U.K.), 1/29/10, 3/15/10, and 3/10/11, Amazon *continued* "willful" infringing acts of "All Night Long" (of individual and CD album MP3 downloads) of *Where the Action Is!* . . . distributed worldwide – without authorization from Plaintiff (ASCAP Publisher/Licensor) using Nigel Richards invalid digital ISRC "USRHD" code fraudulently assigned to this song by Rhino/Pam Lueneburg (*see* pgs. 8,9, nos. 38, 39, *supra*). Even after Plaintiff's 2013 cease and desist all digital copyright infringement letter to MRI,

WMG, Amazon, and MRI clients, and after Rhino's 9/15/09 compulsory mechanical license with Plaintiff automatically terminated in 2015 by default rendering the making or distribution of all phonorecords for which royalties have not been paid, actionable infringement acts (more on this later), Plaintiff discovered Amazon's *continued repeated* infringements of "All Night Long" in Hot UK Deals and in Europe on 2/10/17 (two infringe.), 2/14/17 (two infringe.), 8/16/18, 8/21/18, 8/23/18, 9/13/18 (two infringe. and 9/16/18 (*see* **Ex. G** attached hereto – 22 pgs.).

51. Plaintiff alleges Defendants, Amazon and WMG (a music business partnership) con-spired to "willfully" infringe exclusive derivative "All Night Long" rights (106) beginning on 9/18/09 (*see* pg. 11, no. 48, *supra*), and that Amazon has committed multiple infringing acts of this song without permission of music piracy (2009 – 2018) – last documented act on 9/16/18.

52. Plaintiff alleges Defendants, Rhino/WMG/Pam Lueneburg "willfully" violated Rhino's 9/15/09 compulsory mechanical license with Plaintiff under Section 115 of the Copy-right Act, by illegally sublicensing Defendant, Amazon's, unauthorized derivative distributions of "All Night Long" worldwide violating 106, and importations/exportations violating (602(a)(1)(2)); and are directly liable, jointly and severally (504(c)(1)(2)), for "willful" infringement of the Beaudoin Bros. exclusive rights for purposes of commercial advantage or private financial gain actionable under 501, 506 as criminal offenses. "Financial gain" "includes receipt, or expecta-tion of receipt, of anything of value, including the receipt of other copyrighted works" (§101). Obviously, Amazon has expected Euro dollars and British Sterling pounds from distribution /sales of the copyrighted work "All Night Long" of value worldwide from 2009 – 2018!

53. On 10/5/09, Plaintiff discovered Warner News distributing *Where the Action Is! Los Angeles Nuggets . . .* in Europe (Switzerland) in "willful" violation of Rhino's 9/15/09 compul-sory mechanical license with Plaintiff exceeding the *scope* of distribution "solely" in U.S. terri-tories (*see* **Ex. B** attached hereto). On 2/15/10, **WMG** and **RHINO** (a WMG subsidiary) *con-*

Complaint (w/Plaintiff's supporting Affidavit)

*tinued* illegal distributions in Hungary and Russia (*see* **Ex. H** attached hereto). Plaintiff alleges Defendants, WMG, Rhino, and Pam Lueneburg are directly liable, jointly and severally (504(c)(1)(2)), for conspiracy (371) to commit "willful" infringement of exclusive "All Night Long" rights by illegal sublicensing (106), and exportations (602(a)(2) beginning in 2009.

54.  In 2010, Plaintiff informed Defendants, Rhino and WMG, they had committed multiple "willful" digital infringing acts of "All Night Long" – 3 days after Pam Lueneburg signed Plaintiff's 9/15/09 compulsory license (on behalf of Rhino) (*see* **Ex. B** attached hereto) – to include this Pre-1972 song in *Where the Action Is! Los Angeles Nuggets 1965 - 1968.*

### THIRD CLAIM FOR RELIEF

**Direct "Willful" Copyright Infringement, Jointly and Severally, against
(Defendants Atlantic/Rhino/WMG, John Cosenza, Pam Lueneburg, eMusic, Kris Ahrend)
17 U.S.C. § 504(c)(1)(2); Exclusive Rights and Sublicensing Infringements (§ 106);
Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319); Music Piracy;
Conspiracy to Commit Copyright Infringement (18 U.S.C. § 371);
Aiding and Abetting Infringement (18 U.S.C. § 2); ISRC Fraud (§ 115(F) Violations).**

55. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges every allegation as if fully set forth herein.

56. To cover up Amazon's "willful" digital infringing acts of "All Night Long" on 9/18/09 (*see* pg. 11, no. 47, *supra*), Plaintiff alleges Defendant, **ATLANTIC RECORDING CORP.** ("Atlantic" – a WMG subsidiary), illegally obtained an online Harry Fox Agency (HFA) digital license request on 11/9/09 thru Defendant, John Cosenza (V.P. Royalty and Income Tracking for WMG). Rhino Records and Warner Music Group are named in this license request (*see* **Ex. I** attached hereto). HFA licensing agency *knew* Atlantic and Mr. Cosenza had no copyright ownership interest in "All Night Long," and no legal capacity to obtain this *sham* HFA digital license with Nigel Richards' ISRC fraud for this song. Plaintiff informed Atlantic and Rhino it was void.

Complaint (w/Plaintiff's supporting Affidavit)

57. Plaintiff alleges Defendants, Atlantic/John Cosenza/Rhino/WMG are directly liable, jointly and severally (504(c)(1)(2)), for conspiracy (371) to "willfully" infringe "All Night Long" by illegally claiming ownership interest in "All Night Long" with criminal intent, and by using Nigel Richards ISRC fraud as a *predicate act* in a criminal RICO "pattern of racketeering activity" – *knowing* digital royalties would not be paid to the Beaudoin Bros. Atlantic's digital license request was not only a *sham,* but HFA's client Napster (a notorious music pirate HFA took under its wings in 2009), paid Plaintiff -0- royalties using Nigel Richards invalid ISRC in violation of exclusive rights (106) and digital encoding requirements (115(F)).

58.  Thus, HFA (unnamed in this Complaint) facilitated Napster's continued music piracy by using "All Night Long" for *free,* and authorized "willful" copyright infringement by Rhino and Pam Lueneburg's ISRC fraud (*see* pgs. 8,9, nos. 38, 39, *supra*). Subsequently, Plaintiff's Publisher membership with HFA was severed by its illegal criminal music licensing practices.

### D.  Prima Facie Proof Rhino/Pam Lueneburg Assigned Richards' Fraudulent ISRC

59. Subsequently, Plaintiff received a *non-negotiated* "Mechanical License Agreement" dated 11/23/09 from Defendant, Pam Lueneburg, on behalf of Rhino. Plaintiff rejected this so-called license (i) with blank spaces and no page numbers (ii) that violated 115 (a)(1)(ii) requiring an "express license from the owner of the copyright in the musical work" for Pre-1972 sound recordings, (iii) and was not a "valid" compulsory license by Defendants failure to comply with 115(b)(2), (iv) and was not a "valid" digital license for "All Night Long" because Nigel Richards invalid ISRC "USRHD"0900559 was printed on this license signed by Pam Lueneburg (*see* **Ex. J** attached hereto – 2 pgs.) This license shows *prima facie* proof Rhino/WMG/Pam Lueneburg intentionally concocted a fraudulent scheme in 2008 before *Where the Action Is!* . . . was released in 2009, for "All Night Long" digital royalties to be payable to Richards' "US-RHD" ISRC confirmed by RIAA (*see* pg. 9, no. 41, *supra*). Plaintiff alleges Defendants, Rhino/WMG/

Complaint (w/Plaintiff's supporting Affidavit)

Pam Lueneburg are directly liable, jointly and severally (504(c)(1)(2)), for conspiracy (371) to

commit criminal derivative infringing acts of "All Night Long" by ISRC fraud in violation of

exclusive rights (106) and ISRC encoding requirements (115(F) actionable under 506, 2319.

### E. Rhino's Fraudulent Quarterly Statements and Emusic Illegal Sublicensing

60. In 2009, Rhino combined fraudulent digital royalties with mechanical royalties in so-

called *Rhino Pure* quarterly statements with Nigel Richards invalid ISRC to which Plaintiff

objected. Plaintiff returned countless Rhino statements/checks. No negotiated digital license

existed with Rhino, and Plaintiff refused to accept ("impure") false fabricated digital royalties for

"All Night Long." Plaintiff was also the Publisher/Licensor -- not a "Vendor" selling the song.

61. In a 12/2010 quarterly statement, Plaintiff alleges Rhino illegally sublicensed "All

Night Long" to Defendant, **EMUSIC.COM INC** ("eMusic") in "willful" violation of 106, and

115(F) violation of ISRC fraud; and that Defendant, Kris Ahrend (Rhino Senior V.P., Bus. and

Legal Affairs), aided and abetted (18 U.S.C. § 2) eMusic's "willful" criminal copyright infringe-

ment of "All Night Long" by signing quarterly statements verifying the "statements of fact" were

"true, complete, and correct" -- *knowing* they were false (*see* **Ex. K** attached hereto – example).

62.  In *USA Today* (2006), David Pakman, CEO of eMusic (a service like the infamous

music pirate Napster), publicly announced its customers "fully own the songs after downloading,

with no restrictions"; they get 25 free downloads "just for trying us out" advertised in a TV ad;

and "eMusic believes copy-protecting files hinders sales" (*see* **Ex. L** attached hereto). Plaintiff

alleges Defendants, Rhino/eMusic/Kris Ahrend, are directly liable, jointly and severally (504(c)

(1)(2)), for conspiring (371) to commit, aid and abet (18 U.S.C. § 2) "willful" criminal deriva-

tive infringing acts of exclusive rights (106), for illegally sublicensing "All Night Long" to the

eMusic music pirate, and for ISRC fraud violations (115 (F) actionable under 501, 502, 506.

Complaint (w/Plaintiff's supporting Affidavit)

## FOURTH CLAIM FOR RELIEF

### <u>Direct "Willful" Infringement of Copyright, Jointly and Severally,</u>
### <u>(against Defendants, MRI/WMG/Rhino/Colitre/MRI Clients and Microsoft, Pandora)</u>
### 17 U.S.C. § 504(c)(1)(2); Exclusive Rights Infringements (§ 106);
### Mail Fraud (18 U.S.C. § 1341); RICO Racketeering (18 U.S.C. § 1961, *et seq.*);
### Conspiracy to Commit Copyright Infringement (18 U.S.C. § 371); Music Piracy;
### Aiding and Abetting Infringement (18 U.S.C. § 2); ISRC/UPC Fraud Violations (§ 115(F);
### Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319).

63. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and

realleges every allegation as if fully set forth herein.

### F. MRI/Colitre's U.S. Mail Fraud Scam Conspiracy with WMG/Rhino Invalid NOIs

64. Two elements of mail fraud (1341 are (1) a scheme to defraud by deceit, trickery, or

scam (2) perpetrated by mailing a letter, etc., in U.S. mail for purposes of executing the scheme.

MRI's mail fraud involves NOI (*Notice of Intention to Obtain a Compulsory License for Making*

*and Distributing Phonorecords*) – signed by W.B. Colitre (V.P. and General Counsel for MRI).

65. Plaintiff alleges **(a)** that Defendants, MRI, and W.B. Colitre, in conspiracy (371) with

WMG (MRI client), sent Plaintiff *unsolicited* NOIs in the U.S. mail of deceit, trickery, scam of

fraudulent representations constituting mail fraud – *knowing* no digital sales for "statutory"

royalties would be tracked to the Beaudoin Bros. with Nigel Richards invalid ISRC "USRHD"

fraudulently assigned to "All Night Long" by Rhino/WMG/Pam Lueneburg (*see* pgs. 8,9, nos.

38, 39, *supra*) – used also as a "UPC" code (*see* **Ex. F** attached hereto); **(b)** that MRI/Colitre

never paid any fraudulent represented "statutory mechanical" royalties in MRI NOIs (*see* **Ex. N**

attached hereto – Pandora example, pg. 1), to ASCAP Publisher/Licensor/Plaintiff for derivative

use of "All Night Long" by this ISRC fraud from 2009 – 2018; **(c)** that MRI/Colitre/MRI clients

*knowingly* engaged in large-scale derivative music piracy of "All Night Long" by this ISRC

fraud from 2009 – 2018; **(d)** that MRI/Colitre *knew* a "compulsory license" to make and dis-

tribute *"Digital Phonorecord Deliveries, as set forth in 17 U.S.C. § 115"* (the words printed on

Complaint (w/Plaintiff's supporting Affidavit)

MRI NOIs) – does not include unlimited digital non-permanent "interactive streams," or "limited downloads" "willfully" violating 115 "scope" of obtaining a compulsory license to make and distribute phonorecords; **(e)** that MRI/Colitre illegally gave MRI clients permission to include non-permanent derivative transmissions of "All Night Long" for their services; **(f)** that MRI/ Colitre illegally gave Apple Inc./ iTunes permission in its 6/25/13 NOI for "streaming promotional clips of up to 90 seconds" (*see* **Ex. M** attached hereto) in "willful" violation of 115 "scope" of obtaining a "compulsory" license to make and distribute phonorecords; **(g)** that MRI/ Colitre "willfully" violated the Beaudoin Bros. exclusive rights (106 and 115(a)(1)) limiting phonorecord distribution of "All Night Long" in the U.S. by illegally facilitating derivative transmissions worldwide; **(h)** that MRI/Colitre *intentionally* misidentified the copyright owners and authors of "All Night Long" in "willful" violation of 115(c)(1), so the copyright owners shown in public records would not be "entitled to recover for any phonorecords previously made and distributed"; **(i)** that MRI/Colitre fraudulently represented Donald Bank Beaudoin, John Franklin Beaudoin (John J. Beaudoin's son) as "authors" of "All Night Long," and "Zagorsky-Beaudoin" as "copyright owner" in its NOIs – *knowing* Plaintiff has a 1/3 legal or beneficial exclusive copyright ownership interest in deceased David A. Beaudoin's musical work (*see* **Ex. N** attached hereto – pg. 2); **(j)** that MRI/Colitre "willfully" violated 37 C.F.R. 201.18(d)(v)(F)(G) of phonorecords made under a compulsory license (115) by *intentionally* omitting the name of the principal recording artist (Palace Guard) in its NOIs fraudulently represented as "Various" [Artists] – who never recorded "All Night Long"; **(k)** that MRI/Colitre *intentionally* omitted the catalog number or numbers, and label name or names of Rhino/Warner's *Where the Action Is!* . . . 4 CDs in its NOIs shown falsely as "Various"; **(l)** that MRI/Colitre's NOIs (*see* **Ex. N** attached hereto – Pandora example, pg. 1), informing Plaintiff (Publisher) its clients have "already entered into master use licenses for the applicable sound recordings" [i.e., "All Night

Long" with fraudulent "Master Licensor" WMG], is prima facie proof of conspiracy (371) to commit "willful" acts of larceny (10 U.S.C. § 921) of the "All Night Long" copyright by aiding and abetting (18 U.S.C. § 2) criminal copyright infringement by MRI clients' theft by using this song for free thru music piracy from 2009 – 2018, making all "compulsory license" NOIs a *sham*; **(m)** that MRI/Colitre have never paid any "statutory" royalties (about 9.1¢) "for every phonorecord made and distributed" (digital phonorecord deliveries – DPDs) "voluntarily and permanently parted with its possession" (115(c)(2)) for any MRI compulsory licensee clients from 2009 – 2018 (including Pandora) making its "compulsory license" NOIs a *sham*; **(n)** that MRI/Colitre have never paid any "statutory" royalties for any of its MRI compulsory licensee clients from 2009 – 2018 (including Pandora) for any digital phonorecord deliveries, which "shall be treated as a phonorecord manufactured, made, and distributed on the date the phono-record is digitally transmitted (§ 201.18(8), making all of its NOIs a *sham;* and **(o)** that MRI/ Colitre have never provided Plaintiff with any "certified" CPA annual statements of account, or monthly statements "under oath" for compulsory licensee MRI clients (under MRI control) for use of "All Night Long" from 2009 – 2018 in "willful" violation of § 115(5) and § 201.18(8), for persons or entities intending to obtain the compulsory license, who "shall serve Statements of Account and the monthly royalty in accordance with § 210.11(e)" – **all of which constitutes MRI NOIs sent to Plaintiff as mail fraud SCAMS non-compliant with the Copyright Act, having no force or effect, and void**.

66.  Plaintiff alleges Defendants, MRI, W. B. Colitre, and MRI (clients), have "willfully" violated 115(a)(1)(ii) regarding the "All Night Long" sound recording "fixed" before February 15, 1972 requiring "an express license from the owner of the copyright in the musical work" to make digital phonorecord deliveries; and are directly liable, jointly and severally (504(c)(1)(2), for failing to serve a "VALID" *Notice of Intention to Obtain Compulsory License* pursuant to

115(b)(1)(2), which "renders the making and distribution of ["All Night Long"] phonorecords

actionable as acts of infringement" (501) and fully subject to remedies (502 – 506).

67.  Plaintiff alleges that Defendants, MRI/Colitre/MRI clients, failure/refusal to provide

Plaintiff with CPA "certified" detailed annual statements in violation of (115(5)(6) required for

MRI compulsory licensees (under MRI control), are directly liable, jointly and severally (504(c)

(1)(2), for "willfully" infringing "All Night Long" by its MRI NOI SCAMS of mail fraud sent to

Plaintiff in the U.S. mail for about 9 years.

### G.  Two Excel Spreadsheets Incriminating MRI of Music Piracy and RICO

68.  In 2013, Plaintiff discovered two MRI client spreadsheets sent via email of "royalties

accrued to-date" from 2009 up to 8/23/13 – showing Defendants, Zune (Microsoft), Amazon,

iTunes, and Rdio (subsidiary of Pandora) **PAID -0- ROYALTIES** for "All Night Long" for 4

yrs.; and KaZaA, MySpace, Slacker, and Xbox Music accrued royalties of **0.045211785** from

2009–2013 using Nigel Richards invalid ISRC (*see* **Ex. O** attached hereto – 2 pgs.). Plaintiff

alleges the two spreadsheets incriminate MRI of music piracy to defraud the Beadoin Bros. of

"statutory" royalties for "All Night Long" by ISRC fraud, and conspiracy (371) with "Label"

RHINO/WARNERS, "Parent Label" WMG/WARNERS, "Artist" Palace Guard, "Album"

*Where the Action Is!* . . . – to commit RICO criminal infringements (18 U.S.C. § 1961, *et seq.*),

by the *predicate act* of Nigel Richards invalid ISRC.

69.  Plaintiff alleges Defendants, MRI/Colitre/Rhino/WMG conspired (371) for MRI

clients to pay no "statutory mechanical" digital royalties for "All Night Long" by using Nigel

Richards invalid ISRC constituting music piracy; that MRI's sum of about 4.5¢ royalties (*see* no.

68, *supra*) from 2009 – 2913, are fraudulently concocted and not "statutory" required for digital

phonorecord deliveries under 115; that the sum violates 115(5) CPA "certified" detailed annual

statements of account and monthly statements "under oath" required for MRI compulsory

Complaint (w/Plaintiff's supporting Affidavit)

licensees (under MRI control), which MRI failed/refused to provide Plaintiff from 2009 – 2018;

and that MRI NOIs constituting mail fraud (1341) SCAMS from 2009 – 2018, are null and void.

70.  Plaintiff alleges Defendants, WMG/Rhino/Pam Lueneburg/MRI/Colitre/Brian

Oppenheimer (and MRI clients), engaged in large-scale music piracy of "All Night Long" by

ISRC fraud, and are directly liable, jointly and severally (504(c)(1)(2), for conspiracy (371) to

commit criminal copyright infringement of "All Night Long" from 2009 -- 2018 in "willful"

violation of 106, 506 actionable under 2319. Under 506(a)(1)(A)(C), it is a criminal offense to

willfully infringe (i) by the distribution of (ii) a work being prepared for commercial distribution,

(iii) by making it available on a computer network accessible to members of the public, (iv) if

such person knew or should have known that the work was intended for commercial distribution.

## H. WMG/MRI//Colitre/Rhino RICO Racketeering (18 U.S.C. § 1961, *et seq.*)

71.  Plaintiff alleges Defendants, WMG/MRI/W.B. Colitre/Rhino, are "enterprise" Rack-

eteer Influenced and Corrupt Organizations (RICO) (18 U.S.C. § 1961, *et seq.*), of individuals,

corporations, associations, etc., operating under the guise of music/recording/licensing agencies

with a "pattern of racketeering activity," who conspired (§ 371) to "willfully" commit criminal

copyright infringement of "All Night Long" by the *predicate act* of ISRC fraud 2009 – 2018.

72.  A RICO "pattern" (§ 1961(5) "requires at least two acts of racketeering activity, one

of which occurred after the effective date of this chapter [2009 edition] and the last of which

occurred within ten years." Plaintiff alleges MRI/Colitre's NOI mail fraud SCAMS are a second

"pattern" act of racketeering activity from 2009 – 2018 in addition to *predicate act* ISRC fraud.

## I. Plaintiff's 10/18/13 Cease and Desist Demand Letter to MRI/WMG/MRI Clients

73. On <u>10/18/13</u>, Plaintiff sent a *Cease and Desist Demand Letter of All Digital Copyright

Infringement of "All Night Long"* to MRI (and its clients) WMG, APPLE INC./iTUNES, RDIO,

INC., AMAZON.COM, MICROSOFT CORP., MY SPACE MUSIC, L.L.C., SLACKER, INC.,

Complaint (w/Plaintiff's supporting Affidavit)

and BRILLIANT DIGITAL ENT., INC. (D/B/A ALTNET AND KAZAA) (*see* **Ex. P** attached hereto, in part – 2 pgs.). Briefly, Plaintiff informed MRI that all NOIs were non-compliant with the Copyright Act, facially defective, invalid; that exclusive derivative digital reproduction rights of the copyright owners of "All Night Long" were being infringed upon; that unlawful digital copyright infringing acts, illegal piracy, exploitation of "All Night Long" via reproduction, dis-tribution, and sales on the Internet, or otherwise, must immediately cease; and that WMG had fraudulently represented to third parties it was "master licensor" of "All Night Long," and unlawfully granted third parties "master recording rights" to "permit" the distribution of Pre-1972 "All Night Long."

74.  In <u>2017</u>, Plaintiff alleges Defendants, MRI/Colitre, "recklessly" disregarded Plain-tiff's <u>10/18/13</u> cease and desist demand letter to MRI, et al., *supra*, and *continued repeated* criminal infringements of "All Night Long," by sending Plaintiff another NOI mail fraud (1341) SCAM for **PANDORA MEDIA, INC**. ("Pandora") (*see* **Ex. N** attached hereto).

75. Pandora's subsidiary, Rdio, Inc. (alleged MRI/Colitre compulsory licensee), paid -0- digital royalties for "All Night Long" from 2009 – 2013 using Nigel Richards invalid ISRC (*see* **Ex. O** attached hereto – license data spreadsheet); and Plaintiff never received a mandatory "certified" CPA annual statement of account, or any monthly statements "under oath" for Pan-dora in "willful" violation of 115(5). Distribution of phonorecords for which royalties have not been paid are actionable acts of infringement under section 501, 502 – 506. Plaintiff alleges MRI/Colitre conspired (371) with Pandora to illegally give permission (in its 4/4/17 NOI) to stream "All Night Long" (*see* **Ex. N** attached hereto) – *knowing* non-permanent streams do not meet the criterion of digital phonorecord deliveries (DPDs in "willful" violation of 115.

76. Plaintiff alleges Defendants, MRI/W.B. Colitre/Rhino/WMG/MRI clients named in Plaintiff's cease and desist letter (*see* pg. 21, no. 73, *supra*), including Pandora, are directly

Complaint (w/Plaintiff's supporting Affidavit)

liable, jointly and severally (504(c)(1)(2)), for conspiracy (371) to commit "willful" criminal

copyright infringements of "All Night Long" since 2009; ISRC fraud; music piracy without

permission or valid compulsory licenses from 2009 – 2018; aiding and abetting infringement (18

U.S.C. § 2)  of Pandora (and Rdio's) illegal streaming broadcasts of "All Night Long" in "will-

ful" violation of digital phonorecord deliveries scope (115) and exclusive derivative rights (106);

and for criminal infringement of this musical work by defrauding the Beaudoin Bros. of "statu-

tory" royalties from <u>2009 – 2013 via Rdio</u>, and <u>2017 – 2018 via Pandora.</u> Defendants *conspiracy*

of last overt acts to commit criminal infringement of this song using Nigel Richards invalid

ISRC occurred with Pandora on <u>**9/5/18**</u>, <u>**9/13/18**</u>, <u>**9/16/18**</u> (*see* **Ex. Q** attached hereto). Plaintiff

alleges all MRI/Colitre's NOIs compulsory licenses sent to Plaintiff confirm mail fraud (1341)

SCAMS of deceit, trickery, and false representations with no "statutory" royalties ever paid, or

"certified" CPA annual, or monthly statements "under oath" ever made from 2009 – 2018.

### I. Pam Barnes Two Email False Assurances Digital Exploitation had Ceased

77. In 2012, Defendant, Pam Barnes (aka Lueneburg) sent two emails to Plaintiff that

digital exploitation had stopped, and Plaintiff's 9/15/09 compulsary mechanical license with

Rhino (Licensee) was "still valid": <u>**6/11/12 Email**</u>: "Accordingly, you  can be assured that 'we'

[Rhino/ WMG] are no longer digitally exploiting the composition ["All Night Long"]"; "Accord-

ingly, the license in place is still valid." <u>**10/16/12 Email**</u>: "To reiterate, we have ceased exploit-

ing 'this album' [*Where the Action Is! . . .*] digitally and take down notices were issued" (*see*  **Ex.**

**R** attached hereto).

78.  Plaintiff alleges Defendants, Pam Lueneburg (aka Pam Barnes), Rhino, WMG,

basically, (i) admitted illegal digital exploitation of "All Night Long" by using Nigel Richards

invalid ISRC with 27¢ false fabricated royalties accrued from 2009 thru 2012 – although this

song was sublicensed worldwide for 3 years; (ii) admitted illegal sublicensing because "take

down notices were issued"; and (iii) admitted Defendants are directly liable, jointly and severally

(504(c)(1)(2)), for "willful" criminal derivative infringements of this song beginning in 2009.

79. Pam Luneburg's 2012 two email assurances to Plaintiff (*see* pg. 23, no. 77, *supra*) of

ceasing digital exploitation of "All Night Long" were also false representations of a material

fact. In June/July 2013, Plaintiff alleges Defendants, MRI/Colitre (in conspiracy with Rhino/

WMG), *resumed* "willful" digital exploitation infringing acts of "All Night Long" by sending

more MRI NOI mail fraud SCAMS of deceit and trickery for iTunes, MySpace, Rdio, and

Slacker – even though Plaintiff orally gave Defendant, Brian Oppenheimer, "constructive notice"

in 2010 that exclusive derivative digital reproduction and distribution rights of "All Night Long"

were being infringed upon by ISRC/UPC fraud (*see* pg. 10, no. 44, *supra*). Subsequently,

Plaintiff sent a cease and desist demand letter in 2013 to MRI, et al., (*see* pg. 21, no. 73, *supra*).

### FIFTH CLAIM FOR RELIEF

#### Direct "Willful" Infringement of Copyright, Jointly and Severally,
#### (against Defendants, MRI/Colitre/WMG/Rhino/MRI Clients including Microsoft, Pandora)
#### 17 U.S.C. § 504(c)(1)(2); Exclusive Rights Infringements (§ 106);
#### Mail Fraud (18 U.S.C. § 1341); Music Piracy; Larceny (10 U.S.C. § 921);
#### RICO Racketeering (18 U.S.C. § 1961, *et seq*.);
#### Conspiracy to Commit Copyright Infringement (18 U.S.C. § 371);
#### Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319).

80. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and

realleges every allegation as if fully set forth herein.

81. Plaintiff alleges Defendants Rhino/WMG/MRI/W.B. Colitre conspired to fraudulently

claim WMG as "Master Licensor" of "All Night Long" to MRI clients to cover up illegal digital

infringing acts of this musical work since Amazon's MP3 music piracy on 9/18/09 (*see* pg. 11,

no. 47, *supra,* and **Ex. F** attached hereto). WMG has not presented a *scintilla* of burden of proof

evidence that it financed, recorded, mixed, or mastered a 1st generation analog "master" sound

recording of "All Night Long" performed by the Palace Guard in 1965 fixed on 45 singles, or

Complaint (w/Plaintiff's supporting Affidavit)

that Orange Empire Prod. Inc. (Master Licensor, who produced the sound recording) transferred an instrument of conveyance signed by the owner, or owner's duly authorized agent, of owner-ship rights (17 U.S.C. § 204), or in a bona fide (notarized) written instrument to WMG. With superior knowledge of the music/recording business, WMG *knew* § 115(a)(1)(ii) regarding a sound recording fixed before February 15, 1972, requires an "express license from the owner of the copyright in the musical work" . . . for use of such work in a sound recording." Rhino would not have contacted ASCAP Publisher/Licensor (Plaintiff) in 2009 if an "express" mechanical license was unnecessary to include Pre-1972 "All Night Long" copyrighted musical work in *Where the Action Is! Los Angeles Nuggets 1965-1968* (*see* **Exhibits A** and **B** attached hereto).

### J. WMG/MRI/Colitre Larceny Granting "All Night Long" "Master Use" Licenses

82.  Plaintiff alleges that in 2010 Defendants, Rhino/WMG/MRI/Colitre, conspired (371) to "willfully" commit criminal copyright infringement (506 and 2319) of "All Night Long," by fraudulently claiming WMG as "Master Licensor" of the Pre-1972 "All Night Long" sound recording to MRI clients (*see* **Ex. F** attached hereto), and in a third RICO "pattern of racketeer-ing activity" (*see* pg. 21, no. 72, *supra*), by MRI NOI mail fraud (1341) SCAMS stating to Plaintiff as follows:*"Our client has already separately entered into master use licenses [i.e., with WMG] for the applicable sound recordings"* [i.e. "All Night Long" sound recording] (*see* **Ex. S** attached hereto – Microsoft MRI client, pg. 1 of 3 pgs.). Fraud is also known as larceny by trick or false pretenses, and defined as wrongfully depriving someone of their possessions with intent to steal.

83.  In a 1/14/11 email to Plaintiff, Julie Florida, Sr. Atty. for Microsoft Corp., states: . . .

> . . ."Microsoft intends to distribute sound recording of this composition ["All Night Long"] under a direct agreement with Warner Music". . . has represented to Micro-soft that they are legally authorized to permit Microsoft's distribution of these sound recordings, and have in fact granted Microsoft so-called 'master recording rights' to do so" (*see* **Ex. S** attached hereto – pg. 3).

84. Plaintiff alleges Defendants Rhino/WMG/MRI/Colitre/MRI clients (and Microsoft with companies Zune and Xbox) are directly liable, jointly and severally (504(c)(1)(2)), for "willful" criminal copyright infringement (506 and 2319) of exclusive rights in "All Night Long" (106), and **STEALING** the Beaudoin Bros. Pre-1972 musical work possession in the sound recording by illegally granting MRI clients the right to appropriate this song for their "master use" in films, TV shows, commercials, visual and audio projects, etc., constituting large-scale **MUSIC PIRACY** and **LARCEN**Y (10 U.S.C. § 921) by MRI/Colitre's NOI mail fraud (1341) SCAMS from 2010 -- 2018 (*see* **Ex. N** attached hereto – Pandora also granted "master use").

85. Plaintiff alleges WMG/AMAZON'S music business partnership . . . "TO SELL WARNER MUSIC MINUS COPY PROTECTION" constitutes music piracy (*see* pg. 11, no. 48, *supra*), and is *equivalent* to WMG's larceny **THEFT** of the "All Night Long" copyright from the Beaudoin Bros. by illegally granting MRI clients "master use" licenses of this Pre-1972 musical work irreparably harming the copyright by subjecting this song to worldwide piracy -- for free.

**K. Plaintiff's 2015 Notice of Default AutomaticallyTerminating Rhino's License**

86. On 7/2/15, Plaintiff sent a notice of default letter to Defendant, Pam Lueneberg (Rhino's V.P. Pub. Admin), that if failure to provide Plaintiff a 2014 "certified" CPA Annual Statement of Account was not remedied within 30 days, the compulsory mechanical license she executed would automatically terminate by default – rendering either the making or distribution of all phonorecords for which royalties have not been paid, actionable acts of infringement (*see* **Ex. T** attached hereto). Rhino had "all the obligations which are imposed upon users of said copyrighted work under the compulsory license provision" of Section 115 of the Copyright Act in Plaintiff's 9/15/09 license, and was *obligated* to comply with Section 115(5) requiring "certi-fied" annual statements of account (see **Ex. B** attached hereto). Plaintiff alleges Pam Lueneburg (on behalf of Rhino) refused to comply with Plaintiff's *Notice of Default* because a CPA would

Complaint (w/Plaintiff's supporting Affidavit)

have exposed Nigel Richards invalid ISRC fraud, and other accounting improprieties for "All Night Long." Nonetheless, Rhino and Pam Lueneburg were fully aware making or distributing this song embedded in *"Where the Action Is! Los Angeles Nuggets 1965-1968"* 4 CDs were now actionable acts of infringement under section 501 fully subject to remedies 502 – 506.

87. On <u>8/20/15</u>, Plaintiff sent Defendant, Brian Oppenheimer, and MRI's "Statutory Licensing Division," a 30 day notice letter demanding documentation for "All Night Long" for 5 years (2010 – 2015) pursuant to 37 CFR § 210.18. Inadvertently, Plaintiff typed 2014 instead of 2015 in this letter. MRI's associate counsel, Sarah Rosenbaum, sent a brief 9/1/15 response stating, in part, that MRI had "no obligations" under § 210.18 – *knowing* this statute is printed at the top of all MRI NOIs (*see* **Ex. N** attached hereto – pg. 2). Plaintiff alleges W.B. Colitre was "authorized to execute" NOIs (on behalf of MRI compulsory licensees); that MRI "willfully" violated § 115(5) and § 201.18(8) for persons or entities intending to obtain the compulsory license; and that MRI had a licensing agency duty to comply with the Copyright Act and provide Plaintiff with CPA certified annual statements of account and monthly statements "under oath" for use of "All Night Long" from 2009 – 2018, which MRI refused to do – more confirmation that all MRI NOI's sent to Plaintiff were deceptive mail fraud (1341) SCAMS from 2010 – 2018 and null and void (*see* pgs. 17-19, no. 65, *supra*).

**SIXTH CLAIM FOR RELIEF**

**<u>Direct "Willful" Infringement of Copyright, Jointly and Severally,</u>**
**<u>(against Defendants, and WMG/Rhino/MRI/Colitre)</u>**
**17 U.S.C. § 504(c)(1)(2); Exclusive Rights Infringements (§ 106);**
**Exportation/Importation (§ 602(a)(1)(2)) and Sublicensing (§ 106) Infringements;**
**Criminal Copyright Infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319);**
**Conspiracy to Commit Copyright Infringement (18 U.S.C. § 371); Music Piracy.**

88. Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges every allegation as if fully set forth herein.

**L. Rhino/WMG's Continued "Willful" Infringements after 2015 Terminated License**

89. After Rhino's 9/15/09 compulsory mechanical license automatically terminated by default in 2015 (*see* pg. 26, no. 86, *supra*), in 2017 and 2018 Plaintiff discovered Rhino/WMG's *continued* multiple "willful" criminal infringements (506, and 2319) by unauthorized making and distributing "All Night Long" embedded in *Where the Action Is!* . . . and sublicensing infringements of exclusive rights (106), and exporting/importing (602(a)(1)(2). Besides MRI clients (Defendants, Amazon/Rhino/WMG/Pandora/Microsoft (X-Box/Zune's) "willful" criminal infringements (*see* **Exhibits G, H, Q, S** attached hereto), in conspiracy (371) with Rhino/Warner for purposes of commercial advantage or private financial gain worldwide, other third parties were committing multiple criminal infringements (*see* **Ex. U** attached hereto) as follows:<u>1/26/17:</u> Ebay, Deep Dis-count, Import CDs, Overstock; <u>2/10/17</u>: Ebay (3 sites), Discogs, Greek Music, Music in India, Amoeba,  Platekompaniet, Public, Record Shop X, Sound Station; <u>2/14/17</u>: Deep Discount, Ebay (2 sites), Heartland Music, Import CDs, Overstock, Movie Mars; <u>2/24/17</u>: Record Shop X; <u>2/28/17</u>: Deep Discounts, Heartland Music, ~~Record Shop X~~, Import CDs, Overstock; <u>9/13/18</u>: Ultratop, Sound Station, CD & LP (Rhino Pressing in Europe), Ebay (Australia/UK/Europe).

90.  Plaintiff alleges Defendants, Rhino/WMG are directly liable, (504(c)(1)(2), for multiple "willful" criminal infringing acts and music piracy of "All Night Long" by exporting/ importing (602(a)(1)(2) and sublicensing infringements of *Where the Action Is!* . . . in 2017 and 2018 (*see* **Ex. U** attached hereto – infringing Websites) violating exclusive rights (106) – after Rhino's 9/15/09 compulsory mechanical license, under the Copyright Act § 115, automatically terminated by default in 2015 (*see* pg. 26, no. 86, *supra*); and Defendants, Ebay, Heartland Music, Import Cds, and other infringing Websites, *supra*, are directly liable, jointly and severally, for same in 2017, 2018 – for purposes of commercial advantage or private financial gain.

Complaint (w/Plaintiff's supporting Affidavit)

## SEVENTH CLAIM FOR RELIEF

### Direct "Willful" Infringement of Copyright, Jointly and Severally, (against All Defendants Named in Plaintiff's Complaint, and Does 1-10)
Injunctive Remedy (17 U.S.C. § 502(a)(b); Exemplary and/or Punitive Damages;
Max Statutory Damages (§ 504(a)(2)(c)(2) Per Each Infringement (2009 -- 2018);
Criminal Infringement Remedies (§ 506(a)(1)(A)(C), 18 U.S.C. § 2319);
Increased Civil/Criminal Penalties Copyright Infringements (PRO IP Act 2008);
RICO Racketeering Sanctions Liberally Constructed (18 U.S.C. § 1961, *et seq.*).

91.  Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges every allegation as if fully set forth herein.

> Pro se pleadings must be held to "less stringent standards than formal pleadings
> drafted by lawyers" . . . (*Haines v. Kerner,* 404 U.S. 519, 520 (1971); and be
> construed liberally "accepting all factual liberal allegations in the complaint as
> true, and drawing all reasonable inferences in the plaintiff's favor." (*Chase Grp.
> Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146 (2d Cir.2010) with
> reference to *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).
> FRCP Rule 61. "Harmless Error": "At every stage of the proceeding, the court
> must disregard all errors and defects that do not affect any party's substantial
> rights." FRCP Rule 8(e): "Pleadings must be construed so as to do justice."

92. Pursuant to Fed. R. Civ. P. Rule 9(b), Plaintiff, In Pro Se, has filed this civil action with "particularity the circumstances constituting fraud," and Defendants criminal "intent," and "knowledge" of "willful" criminal infringements of "All Night Long" by ISRC/UPC fraud, NOI (*Notice of Intent*) mail fraud, and "master use" larceny THEFT of copyright subjecting this Pre-1972 song to worldwide piracy by unauthorized derivative distribution from 2009 – 2018.

93. By the likelihood of success on the merits of this case, Plaintiff requests injunctive relief (17 U.S.C. § 502(a)(b)) against all Defendants, to prevent and prohibit *continued* "willful" criminal infringement of "All Night Long," and larceny THEFT of copyright that has caused irreparable harm to the Beaudoin Bros. exclusive rights (106), and unless enjoined by this Court, will leave Plaintiff with no adequate remedy at law. Plaintiff seeks maximum statutory damages in the amount of $150,000 per each infringement of  "All Night Long" from 2009 – 2018 against Defendants, and each of them, who are directly liable, jointly and severally 504(c)(1)(2); and

Complaint (w/Plaintiff's supporting Affidavit)

additional relief set forth in the foregoing **seven claims**, with respect to Plaintiff's 1/3 exclusive copyright ownership interest, in David A. Beaudoin's Pre-1972 "All Night Long" musical work.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, and that this Court:

1. Issue a preliminary and permanent injunction prohibiting and preventing Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from infringing in any manner the copyright, and Plaintiff's 1/3 exclusive copyright ownership interest in David A. Beaudoin's Pre-1972 "All Night Long" musical work, directly, or indirectly, and including without limitation, from causing, contributing to, enabling, facilitating, making, reproducing, distributing, or participating in the infringement of this song by phonorecords, or derivative works;

2. Retain jurisdiction over this civil action to implement and carry out the terms of all orders and decrees that may be entered;

3. Enter Judgment in favor of Plaintiff for "willful" direct infringement of copyright, jointly and severally (17 U.S.C. § 504(c)(1)(2)), against Defendants as follows:

(a) Rhino Entertainment Company, Warner Music Group, Inc., Pam Lueneburg (aka Pam Barnes), Music Reports, Inc., W.B. Colitre, Brian Oppenheimer, for ISRC/UPC fraud (§ 115(F) and exclusive rights (§ 106) violations, conspiracy (18 U.S.C. § 371), RICO Racketeering (§ 1961, *et seq.*), aiding and abetting infringement (§ 2), music piracy, criminal copyright infringements (17 U.S.C. § 506 and 18 U.S.C. § 2319) from 2009 – 2018;

//

Complaint (w/Plaintiff's supporting Affidavit)

(b)  Warner Music Group, Inc., Music Reports, Inc., W. B. Colitre, and MRI clients (Apple Inc. (iTunes); My Space Music LLC; Slacker, Inc.; Brilliant Digital Entertainment, Inc., d/b/a Altnet and Kazaa; Pandora Media, Inc. (subsidiary Rdio, Inc.); Microsoft Corporation (Zune, Xbox companies) for *Notice of Intention* (NOI) mail fraud (18 U.S.C. § 1341), WMG "Master Licensor" fraud, larceny theft (10 U.S.C. § 921) of "All Night Long" copyright by MRI clients illegal "master use," ISRC/UPC fraud (§ 115(F) violations, music piracy from 2009 – 2018;

(c)  Rhino Entertainment Company, Warner Music Group, Inc., Pam Lueneburg (aka Pam Barnes) and Amazon.Com.Inc., for conspiracy (18 U.S.C. § 371), criminal copyright infringements (17 U.S.C. § 506 and 18 U.S.C. § 2319) from 2009 - 2018 for commercial advantage or private financial gain, music piracy, exporting/importing (§ 602(a)(1)(2)), sublicensing violations (§ 106);

(d)  Atlantic Recording Corporation, John Cosenza, Rhino Entertainment Company, Pam Lueneburg (aka Pam Barnes), Warner Music Group, Inc., Emusic.Com Inc., Kris Ahrend for ISRC fraud (17 U.S.C.§ 115(F), exclusive rights and sublicensing violations (§106), conspiracy to commit copyright infringement (18 U.S.C. § 371), aiding and abetting infringement (§ 2), criminal copyright infringement (17 U.S.C. § 506 and 18 U.S.C. § 2319), music piracy;

(e)  Rhino Entertainment Company, Warner Music Group, Inc., for *continued* multiple infringements of "All Night Long" after license termination in 2015 – for purposes of commercial advantage or private financial gain worldwide, by unauthorized making, distributing, exporting/importing (§602(a)(1)(2), and sublicensing violations of exclusive rights (§106) in conspiracy (18 U.S.C. § 371) with Defend-

Complaint (w/Plaintiff's supporting Affidavit)

ants, Heartland Music, Inc., Import CDS, Inc., Ebay, Inc, and other infringing multiple Websites (*see* **Exhibit U** attached hereto), to commit criminal infringements (17 U.S.C. § 506 and 18 U.S.C. § 2319) and music piracy worldwide in 2017 and 2018;

4. Award Plaintiff statutory damages of $150,000 per each infringement pursuant to 17 U.S.C. § 504(c)(1)(2), given the willfulness of all Defendants' copyright infringements of "All Night Long," and *continued repeated* infringing acts from 2009 – 2018 by ISRC fraud, illegal sublicensing and exporting/importing, including from 2017 – 2018 (*see* **Ex. U** attached hereto) – after Plaintiff's 9/15/09 compulsory mechanical license with Rhino Entertainment automatically terminated in 2015 (*see* **Exhibits B** and **T** attached hereto);

5. Award Plaintiff increased civil-criminal penalties (under PRO IP Act 2008) against Defendants, Rhino Entertainment Company, Warner Music Group, Inc., Music Reports, Inc., W. B. Colitre, and MRI clients (identified in item (b) pg. 31, *supra*), for "willful" copyright infringements, NOI mail fraud, "Master Licensor" fraud, "master use" larceny theft of "All Night Long" copyright, music piracy, ISRC/UPC fraud violations from 2009 – 2018;

6. Enter Judgment against Defendants, Rhino Entertainment Company, Pam Lueneburg, Warner Music Group, Inc., Music Reports, Inc., W. B. Colitre, Atlantic Recording Corporation, John Cosenza, for conspiracy (§ 371) to commit "willful" criminal copyright infringements of "All Night Long" by illegally claiming ownership interest in this song constituting music piracy, and violation of the copyright owners exclusive rights (106), for NOI mail fraud SCAMS, and for ISRC fraud violations (§115(F) as a *predicate act* in a criminal RICO "pattern of racketeering activity" from 2009 – 2018. RICO sanctions are to be constructed liberally (Section 904 of Title IX of Pub. L. 91–452 and 18 U.S.C. § 1961, *et seq*.);

Complaint (w/Plaintiff's supporting Affidavit)

7.  Award Plaintiff exemplary damages against Defendants, Rhino Entertainment Company, Pam Lueneburg (aka Pam Barnes), Warner Music Group, Inc., Music Reports, Inc., Brian Oppenheimer, W.B. Colitre, Pandora Media, Inc. (subsidiary Rdio, Inc.), Emusic.com Inc. to set an example for others;

8.  Award Plaintiff punitive damages to punish Defendants, Rhino Entertainment Company, Pam Lueneburg (aka Pam Barnes), Warner Music Group, Inc., Amazon.com, Inc., Music Reports, Inc., Microsoft Corporation, W.B. Colitre, Kris Ahrend, for "reckless disregard" for the Copyright Act, and "willful blindness" to copyright holders (Beaudoin Bros.) exclusive rights in "All Night Long"; and

9.  Award such other and further equitable relief as the Court deems just, necessary, and appropriate under the circumstances or allowed by statute.

RESPECTFULLY SUBMITTED,

By _____
   Plaintiff, Pro Se, Larissa Zagorsky-Beaudoin

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.*

DATED: September 25th, 2018.

## CERTIFICATE OF SERVICE

A true and correct copy of this Complaint (with Plaintiff's supporting Affidavit) will be hand delivered to the Court for filing and, thereafter, will be served on all Defendants in accordance with the Federal Rules of Civil Procedure.

Dated: September 25, 2018.   By _____

Complaint (w/Plaintiff's supporting Affidavit)

**EXHIBIT A**



Phone:    (818) 238-6302
Fax:       (818) 562-9231
Email:    oronde.jenkins@wmg.com

January 29, 2009

Larissa Zagorsky-Beaudoin
Zagorsky-Beaudoin ASCAP
PO Box 681222
Franklin, TN 37068



Re:    "All Night Long"
        Palace Guard
        (Beaudoin-Beaudoin)
        Zagorsky-Beaudoin    100%

Dear Larissa:

We are currently compiling repertoire for a box set being produced by Rhino Entertainment tentatively titled *Various Artists: "L.A. NUGGETS (1966-1970)"*. The latest in the acclaimed "Nuggets" box set series, this set will consist of approximately 100 tracks on four (4) CDs, with a retail-selling price of $64.98.  The release date is currently scheduled for September 2, 2009.



This box set will be the definitive statement on the evolution of the late '60s Los Angeles rock scene. The packaging will adhere to Rhino's usual high standards, including a large booklet with essays imparting the significance of each artist and track. Because of the exposure and press Rhino's Nuggets box sets enjoy, many of the songs find new life and a larger audience. This box set is another example of Rhino's commitment to release lost gems.

Rhino would like to include the song listed above.  We request a mechanical license at a reduced rate of 75% of minimum statutory, without regard to playing time, in consideration of which we can offer an advance against 10,000 units. *Note: the current 100% minimum statutory mechanical royalty rate is 9.1¢ for a song less than 5 min.*
If you are able to grant us this rate under these terms, please acknowledge your agreement to the foregoing by signing and returning a copy of this letter to me via fax (818-562-9231) or mail.



Thank you for considering our request.  Please do not hesitate to contact me if you have any questions.

Best regards,

RHINO ENTERTAINMENT COMPANY          ACCEPTED AND AGREED:

                                                           By *Larissa Zagorsky Beaudoin*

Orondé Jenkins
Publishing Administration

                                                           **Mechanical Licensing** (please check):
                                                           __X__  Harry Fox
                                                           _____  Publisher will issue license
                                                           _____  Rhino issue mechanical license



Rhino Entertainment 3400 West Olive Avenue, Burbank, California 91505-4614 Telephone 818 238 6276 Fax 818 562 9231

**EXHIBIT B**


ASCAP


hfa
soundexchange®

**ZAGORSKY-BEAUDOIN**
P.O. Box 424
Maysville, GA  30558
678-630-0415
lzb1946@yahoo.com


Zagorsky-Beaudoin

## MECHANICAL LICENSE

**TO: Rhino Entertainment Company (Licensee)**
**A Warner Music Group Company**
**3400 West Olive Avenue, Fifth Floor**
**Burbank, CA 91505**

**License No.: Rhino-1-2009**
**Revised License Issue Date: September 15, 2009**

You have advised us, in our capacity as the Publisher/Publisher Designee referred to in (C) hereunder, that you wish to obtain a compulsory mechanical license to make and to distribute phonorecords of the copyrighted work referred to in (A) hereunder, under the compulsory license provision of Section 115 of the Copyright Act. Upon your doing so, you shall have all the rights which are granted to, and all the obligations which are imposed upon users of said copyrighted work under the compulsory license provision of the Copyright Act, after phonorecords of the copyrighted work have been distributed to the public in the United States under the authority of the copyright owner by another person, except that with respect to the phonorecords thereof made and distributed hereunder:

1) You shall pay royalties, and submit true and correct detailed accounting statements to Publisher/Publisher Designee's on its own *"Mechanical Royalty Reporting Form"* on a quarterly basis, within forty-five (45) days after the end of each calendar quarter ending on March 31, June 30, September 30, and December 31, of each calendar year, for all phonorecords made and distributed; 2) For such phonorecords made and distributed, the royalty shall be the statutory rate in effect at the time the phonorecord is made, except as otherwise stated in (E) hereunder; 3) This compulsory mechanical license covers and is limited to one particular recording of said copyrighted work as performed by the artist and on the phonorecord numbers referred to in (A), (B), & (F) hereunder, and supersedes any prior oral or written agreements regarding phonorecords of said copyrighted work; 4) In the event you fail to pay royalties and account to us as herein provided for, said Publisher and/or her representative may give written notice to you that, unless the default is remedied within 30 days from the date of the notice, this compulsory mechanical license will be automatically terminated. Such termination shall render either the making or the distribution, or both, of all phonorecords for which royalties have not been paid, actionable as acts of infringement under, and fully subject to the remedies provided by the Copyright Act; 5) You need not serve or file the notice of intention to obtain a compulsory mechanical license required by the Copyright Act. The following provisions are supplementary hereunder:

A. **COMPOSITION TITLE:** "All Night Long" (No Koo-Chee-Koo)    B. **RECORDED BY ARTIST:** The Palace Guard
C. **PUBLISHER/PUBLISHER DESIGNEE:** Zagorsky-Beaudoin (Income Participant with Writers = 100%)
D. **WRITERS:** David Beaudoin, Don Beaudoin, John Beaudoin (Any and all mechanical rights royalties to be divided 1/3 to each writer as follows: 1/3 payable to Zagorsky-Beaudoin (on behalf of the Estate of David Beaudoin); 1/3 payable to Don Beaudoin; 1/3 payable to John Beaudoin Jr. (on behalf of the Estate of John Beaudoin)
E. **ROYALTY RATE/TIMING OF "ALL NIGHT LONG" (2.51 min):** 75% of statutory rate to be paid without regard to playing time of said composition, contingent upon Licensee's advance royalty payments for 10,000 phonorecords due by 10/15/09, and the authorized execution and return of this mechanical license within 7 days after receipt of same. Upon Licensee's compliance with all provisions and terms expressly stated in (E) herein, mechanical royalty shall remain at 75% of statutory rate, thereafter.
F. **LICENSEE'S RECORD NO.:** R2 519759/703430-465    G. **CONFIGURATION:** 4-Disc Boxed Set of Various Artists
H. **4-DISC BOXED SET TITLE:** "Where the Action Is! Los Angeles Nuggets 1965-1968"
I. **RELEASE DATE:** 9/22/09    J. **ADDITIONAL PROVISIONS:** Any changes or insertions made to this compulsory mechanical license will have no effect. The compulsory mechanical license authority given herein is limited to the manufacture and distribution of phonorecords solely in the United States, its territories and possessions and not elsewhere. Royalty payments not received by the due date referred to in (1) hereinabove, shall incur an interest charge of 2% per month.

Very truly yours,

We acknowledge receipt of a copy of this License, and the accuracy of the provisions and terms contained herein.

By: _____
ZAGORSKY-BEAUDOIN, Publisher/Publisher Designee

RHINO ENTERTAINMENT COMPANY/A WARNER MUSIC GROUP COMPANY

By: _____
Signature of Authorized Signer

## ZAGORSKY-BEAUDOIN - ORIGINAL

# EXHIBIT C

 Search Records Results

Registered Works Database (Author Search)
**Search For:** BEAUDOIN, DAVID, 1951-/...BEAUDOIN, DONALD/BEAUDOIN, DAVID
*2 Items*
**For a list of commonly used abbreviations that appear in the catalog record, click here.**

---

| | |
|---|---|
| 1. Registration Number: | RE-611-600 |
| Title: | All night long. By acDavid A. Beaudoin. |
| Additional Title: | No koo-chee koo. |
| Claimant: | David A. Beaudoin (A) |
| Effective Registration Date: | 1Apr93 |
| Original Registration Date: | 15Jul65; |
| Original Registration Number: | EU892556. |
| Original Class: | E |
| Miscellaneous: | C.O. corres. |

---

| | |
|---|---|
| 2. Registration Number: | PAu-985-963 |
| Title: | All night long (no koo-chee koo) By John J. Beaudoin & Donald Beaudoin. |
| Note: | C.O. corres. |
| Claimant: | John J. Beaudoin, Donald Beaudoin & acDavid A. Beaudoin (on origin: appl.: acJohn J. Beaudoin & acDonald Beaudoin) |
| Supplement to Registration: | EU892556, 1965 |
| Effective Registration Date: | 28Nov86 |
| Author on © Application: | words & music: John J. Beaudoin, Donald Beaudoin & David A. Beau- |
| Special Codes: | 3/M/L |

---

Home | Contact Us | Legal Notices | Freedom of Information Act (FOIA) | Library of Congress

U.S. Copyright Office
101 Independence Ave. S.E.
Washington, D.C. 20559-6000
(202) 707-3000