1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Larissa Zagorsky-Beaudoin, | No. CV-18-03031-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Rhino Entertainment Company, Music Reports Incorporated, W B Colitre, Amazon.com Incorporated, Apple Incorporated, MYSPACE Music LLC, Slacker Inc., Brilliant Digital Entertainment Inc., Pam Lueneburg, Brian Oppenheimer, Atlantic Recording Corporation, John Cosenza, EMusic.Com Incorporated, Pandora Media Incorporated, Microsoft Corporation, Kris Ahrend, eBay Incorporated, Heartland Music.com, Import CDs Incorporated, Warner Music Group Incorporated, and Unknown Parties, | |
| Defendants. | |

This Court previously ordered: "**IT IS ORDERED** confirming that all Defendants not yet served must by served by March 25, 2019, and Plaintiff should not anticipate any extensions of this deadline.[1]" (Doc. 78 (footnote in original)). In that same order, at

---

[1] On the Court's cursory review of the record, there is no evidence of service on file for: John Cosenza, Apple Inc., Slacker Inc., Brilliant Digital Entertainment Inc., Heartland

Plaintiff's request, the Court ordered that Defendant John Cosenza would be served by the U.S. Marshals. (*Id.*).

As indicated above, Plaintiff had until March 25, 2019 to complete service. To date, five Defendants have not appeared in this case: (1) Slacker Incorporated; (2) Brilliant Digital Entertainment Incorporated; (3) John Cosenza; (4) Heartland Music.com; and (5) Import CDs Incorporated. Consistent with this Court's prior order, Plaintiff returned a service packet[2] for Defendant John Cosenza on March 14, 2019, which was forwarded to the Marshals. The Marshals have not yet indicated whether service was accomplished.

As to the other four Defendants, the time for service has expired and no valid proof of service is on file. Specifically, in a similar case, the Court held:

> Service may be accomplished on a corporation in a state outside of Arizona by sending a copy of the summons and the complaint by certified mail, return receipt, to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process for the corporation. *See* Fed. R. Civ. P. 4(h)(1)(a), 4(e)(1); Ariz. R. Civ. P. 4.1(h) and (i) and Ariz. R. Civ. P. 4.2(c). Here, Plaintiff did not serve an officer or managing or general agent of FATSS. *See Direct Mail Specialists, Inc.*, 840 F.2d at 688. Further, Plaintiff has not demonstrated that Mike Cordell was an appointed or otherwise authorized agent of FATSS to accept service. *See id.* Consequently, Plaintiff's attempted service on the FATSS was insufficient. *See Zenith Radio Corp.*, 395 U.S. at 110; *Direct Mail Specialists, Inc.*, 840 F.2d at 688.

*Diamond v. First Nat'l Bank of Arizona*, No. CV-14-00975-PHX-SPL, 2014 WL 12647761, at *1 (D. Ariz. Dec. 9, 2014).

In this case, Doc. 27, which purports to be the proof of service for Slacker Inc., Brilliant Digital Entertainment Inc., John Cosenza, Heartland Music.com and Import CDs Inc., indicates a that a request to waive service was sent, not a summons.[3] Thus, Doc. 27 fails to prove service as to all Defendants. Moreover, it indicates that the mail to Brilliant Digital Entertainment Inc. was returned because the address was incorrect. As to the other three corporations, it fails to identify the address or the partner, officer, manager, general

---

Music.com, and Import CDs, Inc.

[2] The Court does not know if the service packet was complete.

[3] After a cursory review of the record, the Court cannot locate that a summons was ever issued for any of these Defendants. (*See e.g.* Docs. 39-41).

agent, or appointed agent to whom it was sent. Accordingly, this purported proof of service is deficient for all the foregoing reasons.[4]

As indicated above, the time to complete service under Federal Rule of Civil Procedure 4(m), as extended (Doc. 22), has expired. Thus, Plaintiff will be required to show cause why each of the corporations should not be dismissed.

As to Defendant John Cosenza, because the service packets were given to the Marshals prior to March 25, 2019, and because the Court does not yet know the status of service, the Court will wait to determine whether dismissal is appropriate until the Marshals advise whether service was accomplished.

Based on the foregoing,

**IT IS ORDERED** that by April 4, 2019, Plaintiff shall show cause in writing why Defendants: Slacker Inc.; Brilliant Digital Entertainment Inc., Heartland Music.com; and Import CDs, Inc. should not be dismissed, without prejudice, for failure to timely serve.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of this Court's order regarding Marshal service on Defendant John Cosenza (Doc. 90) is denied.

Dated this 28th day of March, 2019.

James A. Teilborg
Senior United States District Judge

---

[4] The purported proofs of service suffer from other deficiencies that need not be discussed to reach the conclusion of this Order. Nonetheless, the Court notes some of them here. For example, for Defendants Heartland Music.com and Import CDs Inc., Plaintiff claims to have sent the waiver of service forms to "Alliance," but there is no indication why Alliance would be the appropriate entity to serve. Additionally, for Defendants Heartland Music.com, Import CDs Inc., Warner Music Group Incorporated, Rhino Entertainment Company, Ebay Inc., Pandora Media Inc., and Atlantic Recording Corporation the signature on the return receipt looks identical (and not original). It seems unlikely that all these Defendants would have the same agent for purposes of service.