**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larissa Zagorsky-Beaudoin, | No. CV-18-03031-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Rhino Entertainment Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to recuse the undersigned. The motion fails in numerous respects. *See* 28 U.S.C. §§ 144 and 455.

First, it is untimely. Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

This case was reassigned to the undersigned on March 1, 2019. (Doc. 71). Plaintiff waited a month to file her motion; notably, until after she received legal rulings with which she disagreed. Thus, the motion is untimely because it was not within a reasonable time after reassignment, and alleges no facts learned after reassignment; it is denied on this basis.[1]

---

[1] Courts have held that because the federal courts no longer sit in terms, but instead are in continuous session, the 10-day requirement is not literal. *See Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658 (5th Cir. 1985) ("courts have [] required a party to

1  Second, the motion fails to contain a legally sufficient affidavit of bias. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Here, the affidavit complains only about legal rulings and make no factual allegation of bias. *See* (Doc. 108) (The sole allegation of bias is, "I believe Judge Teilborg is biased and prejudiced against me[.]"). Thus, relief is unavailable for this second procedural reason (that the affidavit is legally insufficient) and the motion is denied on this basis.

Third, even if the Court were to consider the merits of the motion, it is clearly based on Plaintiff's disagreement and dissatisfaction with the Court's legal rulings in this case. "'[J]udicial rulings *almost never* constitute valid basis for a bias or partiality motion[.]'" *United States v. Chisilly*, 30 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 513 U.S. 1132 (1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, adverse rulings against a party are generally "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992) (citing *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)); *see Stivers v. Pierce*, 71 F.3d 732, 741-42 (9th Cir. 1995) ("Nor would the Board's repeated unfavorable rulings, standing alone, be sufficient to support a claim that [defendant] or any other member of the Board was actually biased against [plaintiff].")(citing *McCalden*, 955 F.2d at 1224).

Here, Plaintiff complains that this Court has ruled, repeatedly, that Defendant John Cosenza must be timely served. (Doc. 107 at 4). This legal ruling is not a legal basis for recusal.

///
///
///
///

---

exercise reasonable diligence in filing an affidavit after discovering facts that show bias. *See, e.g., Smith v. Danyo,* 585 F.2d 83 (3d Cir.1978).").

Therefore,

**IT IS ORDERED** that the Motion to Recuse the Hon. James A. Teilborg (Doc. 107) is denied.

Dated this 4th day of April, 2019.

James A. Teilborg
Senior United States District Judge