Larissa Zagorsky-Beaudoin
P.O. Box 36363
Phoenix, AZ 85067
602-554-8377
lzb1946@gmail.com
Plaintiff, In Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larissa Zagorsky-Beaudoin, legal or beneficial owner) of deceased David A. Beaudoin's Estate, and his 1/3 ) exclusive copyright ownership interest in "All Night ) Long" musical work;<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Warner Music Group Inc., et al.,<br><br>　　　　　　　Defendants, | Civil Action No: CV-18-03031-PHX-JAT<br><br>) MOTION FOR AN ORDER COMPELLING<br>) DEFENDANTS, MRI, COLITRE, AND<br>) OPPENHEIMER'S DISCLOSURES OR<br>) DISCOVERY (Gen. Ord. 17-08); SANCTIONS<br>) FOR RESPONSES NOT SIGNED UNDER<br>) OATH, BAD FAITH ABUSIVE LITIGATION<br>) AND FRAUD ON THE COURT VITIATING<br>) DEFENDANTS ENTIRE MTD (DOC 65);<br>) AND AN ORDER DISMISSING MTD WITH<br>) PREJUDICE |

　　Pursuant to General Order 17-08 ("GO 17-08"), Plaintiff, Pro Se, moves this Court for an Order compelling Defendants, Music Reports, Inc., W.B. Colitre, and Brian Oppenheimer ["MRI Co-Defendants"] to produce all Court-Ordered "mandatory" disclosures or discovery served by Plaintiff (**Docs 157 & 166**); for sanctions against MRI Co-Defendants for responses not signed under oath, bad faith abusive litigation, and fraud on the court vitiating entire Motion to Dismiss/MTD (**Doc 65**) as discussed in Plaintiff's opposition (**Doc 120**); and an Order dismissing MRI Co-Defendants MTD with prejudice on grounds of fraud in a "proceeding" pursuant to Fed. R. Civ. P. Rule 60(b)(3), and Rule 37(b)(2),

　　**I. BACKGROUND**

　　1. On Sept. 25, 2018, Plaintiff filed a 33 pg. Complaint in this Court against multiple Co-Defendants re Pre-1972 "All Night Long" musical work copyrighted by the Beaudoin Bros.

Page 1 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures
(Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

2. Plaintiff is the legal or beneficial owner of deceased David A. Beaudoin's Estate, and his 1/3 exclusive copyright ownership interest in "All Night Long."

3. In a Jan. 29, 2009 letter from Orendé Jenkins, Rhino Entertainment Co. requested a mechanical license from Plaintiff (ASCAP Publisher/Licensor of "All Night Long"), to include this song in a "Nuggets" 4 CD box of about 100 tracks by various artists to be released in Sept. 2009. See **Ex. A** attached to Complaint).

4. By a "valid" 9/15/09 negotiated compulsory mechanical license under the Copyright Act § 115 to make and distribute phonorecords of the copyrighted work, by and between Plaintiff (Publisher/Licensor), and Defendant, (Rhino/Licensee), Co-Defendant, Pam Lueneburg (Rhino V.P. Pub. Admin.), voluntarily signed Plaintiff's original "Zagorsky-Beaudoin" license, on behalf of Rhino, limiting "manufacture and distribution of *Where the Action Is! Los Angeles Nuggets 1965-1968* in a 4-disc boxed set "solely" in U.S. territories. See **Ex. B** attached to Complaint. Above her authorized signature, Pam Lueneburg (aka Pam Barnes) acknowledged the "accuracy" and "provisions and terms contained herein" of Plaintiff's License to Rhino:

> "We acknowledge a receipt of a copy of this License, and the accuracy of the provisions and terms contained herein." "RHINO ENTERTAINMENT COMPANY/A WARNER MUSIC COMPANY."

5. Plaintiff's Complaint (pg. 7, ¶ 32) discusses the WIPO Copyright Treaty:

> "Pursuant to 17 U.S.C. §101, the U.S. is a party to the WIPO Copyright Treaty. WIPO publication no. 897 (E) (2004) regarding "Compulsory Licenses" (by I. Fred Koenigsberg, White & Case, N.Y., specializing in intellectual property law) states, in part: . . . 'a negotiated license within the parameters of a compulsory license may incorporate the compulsory license's other terms by reference or may modify those terms.' Plaintiff's 9/15/09 negotiated license with Pam Lueneburg (on behalf of Rhino/Licensee) with modified terms "within the parameters of a compulsory license" meets WIPO's criterion of a valid compulsory license."

In a 2012 email, Pam Barnes (aka Lueneburg) acknowledged Plaintiff's "valid" license by stating; . . . "the license in place is still valid." See **Ex. R** attached to Complaint, pg. 1.

//

Page 2 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

6. Plaintiff's Preliminary Statement (pg. 2, ¶ 2) in Complaint states as follows:

> "2. Plaintiff alleges Defendants, Warner Music Group ("WMG"), Rhino Entertainment Co. ("Rhino"), Music Reports, Inc. ("MRI"), and W.B. Colitre ("Colitre") (V.P. and Gen. Counsel for MRI), in conspiracy, and under the guise of music/recording/licensing organizations, used their abuse of power leverage to oppress the Beaudoin Bros.' "All Night Long" copyright ownership, and "willfully" committed criminal infringements by ISRC fraud, RICO Racketeering, music piracy, mail fraud, and aided and abetted infringements for commercial advantage or private financial gain – without permission from Plaintiff (ASCAP Publisher/Licensor), or a 'valid' digital compulsory license, or negotiated license from 2009-2018. This case exemplifies a **"DAVID v. GOLIATH"** battle over the Beaudoin Bros. federal statutory exclusive ownership rights in the Pre-1972 copyrighted "All Night Long," and Defendants larceny copyright THEFT."

7. This Court has federal jurisdiction of this civil action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright). Under 28 U.S.C. § 1332, this Court has federal jurisdiction over the parties by diversity of citizenship between citizens of different states, and between a citizen of a state and a citizen of a foreign country. Plaintiff is a citizen of Arizona. It is undisputed that Co-Defendants are citizens of different states in this diversity of citizenship copyright case, and the amount in controversy exceeds $75,000.

## II. FIRST REQUEST FOR MIDP (GENERAL ORDER 17-08) RE DOC 157

8. On 5/29/19, Plaintiff served on Defendants "Mandatory Initial Discovery Requests" Gen. Order 17-08 – Part B(1), requesting relevant information (**Doc 157, pg. 1**):

> "1. State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to [Plaintiff's] claims . . ., and provide a fair description of the nature of the information each such person is believed to possess."

a. Plaintiff has a legal right to "discoverable information" of known and unknown facts in this case re Co-Defendants, WMG/MRI/Colitre's fraud by granting "All Night Long" "Master Use" Licenses. See pg. 25, ¶ 82(J) in Complaint. MRI had no legal authority to state in Notice of Intentions ("NOI's"): *"Our client has already separately entered into master use licenses [i.e., with WMG] for the applicable sound recordings"* [i.e. of "All Night Long"]. WMG and MRI have no federal statutory copyright interest in this musical work owned exclusively by the

Page 3 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures
(Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

Beaudoin Bros.; nor does the Copyright Act § 115 scope of Plaintiff's 9/15/09 compulsory mechanical license to Rhino signed by Pam Lueneburg (see pg. 2, ¶ 4, supra, and **Ex. B** attached to Complaint) permit WMG/MRI to conduct secret back-room deals for MRI clients to be granted separate "master use licenses" re "All Night Long" consituting blatant fraud. Co-Defendants *knowingly* engaged in "willful" larceny theft of copyright (2009-2018), inter alia. <u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

      b. Plaintiff has a legal right to "discoverable information" of known and unknown facts in this case of relevant information re MRI's mail fraud scams of purported compulsory licenses and "master use licenses" that show a RICO "pattern of racketeering activity." <u>See</u> pg. 21, ¶ 72 in Complaint. MRI's mail fraud of purported NOI compulsory licenses, includes but is not limited to Co-Defendants Microsoft Corp., Pandora Media, Inc., Myspace Music LLC, in which these MRI clients . . . "*already separately entered into master use licenses*" (<u>see</u> pg. 3, supra) re "All Night Long." <u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

      c. Plaintiff's Complaint (pg. 24, ¶ 81) alleges Defendants fraud conspiracy, inter alia:

> "81. Plaintiff alleges Defendants Rhino/WMG/MRI/W.B. Colitre conspired to fraudulently claim WMG as "Master Licensor" of "All Night Long" to MRI clients to cover up illegal digital infringing acts of this musical work since Amazon's MP3 music piracy on 9/18/09 (*see* pg. 11, no. 47, *supra,* and **Ex. F** attached hereto). WMG has not presented a *scintilla* of burden of proof evidence that it financed, recorded, mixed, or mastered a 1st generation analog "master" sound recording of "All Night Long" performed by the Palace Guard in 1965 fixed on 45 singles, or that Orange Empire Prod. Inc. (**Master Licensor** [emphasis added], who produced the sound recording) transferred an instrument of conveyance signed by the owner, or owner's duly authorized agent, of ownership rights (17 U.S.C. § 204), or in a bona fide (notarized) written instrument to WMG. With superior knowledge of the music/recording business, WMG *knew* § 115(a)(1)(ii) regarding a sound recording fixed before February 15, 1972, requires an "express license from the owner of the copyright in the musical work" . . . for use of such work in a sound recording." **"Rhino would not have contacted ASCAP Publisher/Licensor (Plaintiff) in 2009 if an 'express' mechanical license was unnecessary to include Pre-1972 'All Night Long' copyrighted musical work in** *Where the Action Is! Los Angeles Nuggets 1965-1968.*" <u>See</u> **Ex. A** attached to Complaint.

      Obviously, WMG/MRI's claims that WMG is "Master Licensor" of "All Night Long" is blatant fraud, and "willful" larceny theft of the copyright (2009-2018), inter alia.

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures
(Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

<u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

d. Plaintiff's request to Defendants (**Doc 157, pg. 2, ¶ 2**) re "mandatory" GO 17-08 "Disclosure of Hard-Copy Documents and ESI" (Part C, pg. 6) states, in part:

> "1. Hard-Copy Documents. Hard-copy documents must be produced as they are kept in the usual course of business. 2. Electronically Stored Information (ESI). a. Duty to Confer. When the existence of ESI is disclosed or discovered, the parties must promptly confer and attempt to agree on matters relating to its disclosure and production, including: i. requirements and limits on the preservation, disclosure, and production of ESI;" . . .

Plaintiff has a legal right to "discoverable information" of known and unknown facts in this case re MRI's disclosure of a **"HARD-COPY" "Master Use License"** for "All Night Long," This document <u>must be produced</u>, supra, which MRI clients separately entered into with MRI. <u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

### III. MRI CO-DEFENDANTS BAD FAITH ABUSIVE LITIGATION OF REFUSAL TO PROVIDE RELEVANT DISCOVERY, OR SIGN RESPONSES TO DOC 157

9. In bad faith abusive litigation, MRI Co-Defendants (by and thru counsel) have refused to provide relevant discoverable information pursuant to "mandatory" GO 17-08; nor were certified responses signed under oath by the party and by the attorney under Rule 26(g). MRI Co-Defendants (and counsel) were fully aware responses were required **(Doc 157, pg. 2 at 9-12).**

> "Responses must be signed under oath by the party, certifying that it is complete and correct as of the time it was made based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by the attorney."

It is not an abuse of discretion for this District Court to rely on its inherent power to *sanction* MRI Co-Defendants conduct of fraud, deceit, and bad faith. *Haeger v. Goodyear Rubber Tire D.C. No.* 2:05-cv-02046-ROS, No. 13-16862 (9th Cir. Crt. Opinion for Publication). Plaintiff's 14 pg. opposition (**Doc 120**) to MRI Co-Defendants MTD **(Doc 65)**, clearly and convincingly discusses such frautulent misconduct. Indeed, Plaintiff's **(Doc 120)** Table of Contents (pgs. 7-9) shows six (6) examples of "fraud on the court" in MRI Co-Defendants MTD (**Doc 65**).

Page 5 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

**IV. SECOND REQUEST FOR MIDP (GENERAL ORDER 17-08) RE DOC 166**

10.  On 6/24/19, pursuant to "Mandatory Initial Discovery Pilot Project" ("MIDP") Gen. Order 17-08 – Parts B(1)(3), Plaintiff informed MRI (**Doc.166, pg. 1**), in part:

> . . . "that all NOIs were non-compliant with the CopyrightAct (see pgs. 21,22, ¶ 73 in Complaint), facially defective, invalid; that exclusive derivative digital reproduction rights of the copyright of "All Night Long" were being infringed upon; that unlawful digital copyright infringing acts, illegal piracy, exploitation of "All Night Long" via reproduction, distribution, and sales on the Internet, or otherwise, must immediately cease; and that WMG had fraudulently represented to third parties it was "master licensor" of "All Night Long," and unlawfully granted third parties "master recording rights" to "permit" the distribution of Pre-1972 "All Night Long."

Plaintiff also requested MRI state the names, etc., supra, of all persons likely to have discoverable information re ¶ 73 in Complaint pursuant to GO 17-08 – Part B(1). Plaintiff has a legal right to relevant "discoverable information" of known and unknown facts in this case.

11. Yet, in a 6/28/19 response, MRI Co-Defendants have refused to comply with Court-ordered "mandatory initial discovery responses before initiating any further discovery in this case" (GO-17-08 -- Part A(2), pg. 2).  In bad faith, MRI Co-Defendants say it is "premature," and that they have not filed their "responsive pleading." *Duhaime's Law Dictionary* defines "bad faith" as; "*Intent to deceive. A person who intentionally tries to deceive or mislead another in order to gain some advantage.*" MRI Co-Defendants have intentionally hampered the presentation of Plaintiff's discovery to this Court to "gain some advantage." Plaintiff believes MRI Co-Defendants hope this "willful" criminal copyright infringement case, inter alia, of "All Night Long" will be dismissed without any relevant "discoverable information" of known and unknown facts in this case obtained. However, "EQUITY" will not permit MRI Co-Defendants to have an 'advantage by fraud' or by 'resorting to the Statute of Limitations.'"

> **"Where one has obtained an advantage by fraud, equity will not permit him to hold it by resorting to the Statute of Limitations."** *Clark v. Gilmore*, 149 App. Div. 445 (N.Y. App. Div. 1912) Supreme Crt., N.Y. (1st. Dept.)

Page 6 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

12. Pursuant to "Mandatory Initial Discovery Pilot Project" -- Part (B)(1), pg. 5, Plaintiff requested that Defendants list the following "relevant" documents, etc., (**Doc.166, pgs. 2 and 3**):

> "3. List the documents, electronically stored information ("ESI"), tangible things . . . or other property known by you to exist, whether or not in your possesion, custody or control, that you believe may be relevant to any party's claims" . . .
>
> **A.** List Plaintiff's full title document sent electronically on 10/18/13 to MRI (and its clients) WMG, APPLE INC./iTUNES, RDIO, INC., AMAZON.COM, MICROSOFT CORP., MY SPACE MUSIC, L.L.C., SLACKER, INC., and BRILLIANT DIGITAL ENT., INC. (D/B/A ALTNET AND KAZAA) (see Ex. P attached in Complaint showing email headlined "Cease and Desist Demand Letter Pursuant to 17 USC and 37 CFR");
>
> **B.** List all MRI clients' (including those named in Plaintiff's 10/18/13 cease and desist demand letter), who received fraudulent invalid information in MRI (NOI) compulsory licenses that identify Donald Bank Beaudoin, and John J. Beaudoin (John J. Beaudoin's son) as authors, and Zagorsky-Beaudoin as copyright owner of "All Night Long" instead of ASCAP Publisher /Licensor in "willful" violation of 17 USC § 115(c)(1) – so no statutory royalties would have to be paid;
>
> **C**. List the Beaudoin Bros.' true valid copyright owners' registered names of public record of "All Night Long," which MRI with superior knowledge of the licensing business knew, or should have known (see Ex. C attached to Complaint);
>
> **D.** List all MRI clients (including addresses/phone numbers/emails), to whom MRI unlawfully issued compulsory licenses granting them permission to include "interactive streams" and limited downloads" of "All Night Long" "willfully" violating § 115 scope of a compulsory license to make phonorecords or digital phonorecord deliveries;
>
> **E.** List all MRI clients (including addresses/phone numbers/emails), to whom MRI unlawfully issued facially defective and invalid compulsory licenses that were noncompliant with copyright regulations 37 CFR §201.18 (v), by failing to include: (i) the kind of phonorecords to be made, e.g., single disc, longplaying disc, cassette, cartridge, reeltoreel (or combination of same); (ii) the name of the principal recording artist/group performing "All Night Long" (The Palace Guard); and (iii) the catalog number or numbers, and label name or names, used or expected to be used on phonorecords already made (if any) or expected to be made under the compulsory license;
>
> **F.** List MRI client, PANDORA MEDIA, INC.'s address/phone number/emails re the compulsory license MRI sent in 2017, in "willful" violation of Plaintiff's 10/18/13 cease and desist demand letter, supra, constituting repeated criminal infringements of "All Night Long" with no digital statutory royalties ever paid for use of this song embedded in Rhino/Warner's *Where the Action Is! Los Angeles Nuggets 1965-1968* CDs, also constituting illegal music piracy (see Ex. N attached to Complaint; and which Plaintiff also alleges constitutes MRI NOI compulsory license mail fraud, inter alia. NOTE: The information requested hereinabove is reasonably accessible to Defendants.
>
> <u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

Page 7 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures
(Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

13. Pursuant to "Disclosure of Hard-Copy Documents (GO 17-08 (C)(1)), Plaintiff requested that Defendants produce a "hard-copy" cease and desist letter Plaintiff sent electronically on 10/18/13; and MRI's "hard-copy" 2017 compulsory license to PANDORA (see Ex. N in Complaint). <u>This is relevant discoverable information pursuant to "mandatory" GO 17-08.</u>

### V. DEFENDANTS BAD FAITH ABUSIVE LITIGATION OF BY REFUSING TO PROVIDE RELEVANT DISCOVERY, OR SIGN RESPONSES TO DOC 166

14. In bad faith abusive litigation, once again, Defendants (by and thru counsel) have refused to provide relevant discoverable information pursuant to "mandatory" GO 17-08, or sign certified responses under oath by the party and by the attorney under Rule 26(g). Defendants were fully aware such certified responses were required **(Doc 166, pg. 3, at 15-17).**

> "Responses must be signed under oath by the party, certifying that it is complete and correct as of the time it was made based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by the attorney."

It is not an abuse of discretion for this District Court to rely on its inherent power to *sanction* MRI Defendants conduct of fraud, deceit, and bad faith. *Haeger,* supra.

### VI. COURT DECISIONS RE FEDERAL INHERENT POWERS, ETC.

15. "The inherent powers of federal courts are those that 'are necessary to the exercise of all others.'" *Primus Automotive Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997). *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (quoting *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812)). "Fraud on the court," upon which dismissal of action can be based, occurs where it can be demonstrated, clearly and convincingly, that party has sentiently set in motion some unconscionable scheme calculated to interfere with judicial system's ability impartially to adjudicate matter by improperly influencing trier or unfairly hampering presentation of opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, U.S. Crt. App. 892 F.2d 1115 (1st Cir. 1989).

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

a. Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the district judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." In re Arizona, 528 F.3d 652, 657 (9th Cir. 2009) (citing e.g., Fed. R. Civ. P. 16(c)(2)), cert. denied, ––– U.S. –––, 129 S. Ct. 2852, 174 L. Ed.2d 551 (2009); cited in *Holak v. K-Mart,* case no. 1:12-cv-00304-AWI-MJS (E.D. Cal. Sep. 30, 2014). Federal courts have inherent power to also assess attorney's fees when the opposing party has acted in bad faith, including bad faith in the conduct of the litigation (*Roadway Express,* pg. 8, ¶ 15, supra).

b. Fraud . . . "harms the integrity of the judicial process:" *Alexander v. K Robertson*, 882 F. 2D 421 (9th Cir. Crt. App. 1989). "This matter does not concern only private parties. There are issues of great moment to the public in a patent suit." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* 322 U.S. 238 (1944). (Plaintiff's private party case involves a copyright suit "of great moment to the public"). "[T]ampering with the administration of justice in the manner indis- putably shown here involves far more than an injury to a single litigant [like this litigant re "All Night Long"]. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare [emphasis added] demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." *Hazel-Atlas,* supra.

16. Plaintiff's 14 pg. opposition (**Doc 120**) to Defendants MTD (**Doc 65**), clearly and convincingly, shows MRI Co-Defendants' multiple acts of fraud in this "proceeding" applicable to Rule 60(b)(3). Counsel for MRI Co-Defendants, also *knew* that no State Court has jurisdiction

Page 9 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

of an Act of Congress related to copyrights. Yet, MRI Co-Defendants filed a MTD (**Doc 65**) based on lack of jurisdiction, or in the alternative a motion for more definite statement <u>without any merit</u> – for no reason except to *harass* and *hamper* Plaintiff's presentation of a claim (see *Aoude*, supra) re multiple "willful" criminal copyright infringing acts of "All Night Long" (2009 – 2018), inter alia. Plaintiff's opposition (**Doc 120**) to MTD is titled:

> OPPOSITION TO CO-DEFENDANT, MRI INC.'S, ET AL., MOTION TO DISMISS; AND BY THIS COURT'S INHERENT POWER ORDER § 502(A)(B) INJUNCTIVE RELIEF, SANCTIONS FOR BAD FAITH ABUSIVE LITIGATION, FRAUD UPON THE COURT VITIATING ENTIRE PROCEEDING; AND DETER "GAMESMANSHIP" BY COURT ORDER RE UNNECESSARY MOTION RULE 12(e) IN VIOLATION OF RULE 11(b) – NOT TO HARASS; AND REFER COUNSEL TO STATE BAR FOR "WILLFUL" VIOLATION OF ABA RULE 4.1 CAUSE FOR DISBARMENT OR SUSPENSION.

17. <u>Public welfare</u> "demands that the agencies of public justice [i.e., this Federal Court] be not so impotent that they must <u>always</u> [emphasis added] be mute and helpless victims of deception and fraud." *Hazel-Atlas,* supra. Actually, Plaintiff (ASCAP Publisher/Licensor) of "All Night Long" has also been a *victim* of Co-Defendants fraud (2009 – 2018) re this song embedded in Rhino/Warner's *Where the Action Is! Los Angeles Nuggets 1965-1968* CDs.

18. Besides case law, there is no reason why this Court cannot use its inherent federal power in a Court Order dismissing Defendants MTD (**Doc 65**) with prejudice for fraud in a "proceeding" (Rule 60(b)(3)). Plaintiff's 14 pg. opposition (**Doc 120**) to MTD (**Doc 65**) shows clear and convincing evidence of MRI Defendants MTD tainted by fraud, which Such "cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas,* supra.

### VII. TRIAL COURTS HAVE INHERENT AUTHORITY TO DISMISS ACTIONS

19. Trial courts also have inherent authority to dismiss an action when a party has perpetrated a fraud on the court, or refuses to comply with court orders. *Kornblum v. Schneider*, 609 So. 2D 138, 139 (Fla. 4th DCA 1992).

Page 10 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

20. The following cases show that the use of dismissal with prejudice and default as a sanction has definitely increased. *Destafano v. State Farm Mutual Automobile Insurance Co.*, 28 Fla. L. Weekly D1077 (Fla. 1st D.C.A. April 28, 2003); *Long v. Swofford,* 805 So. 2d 882 (Fla. 3d D.C.A. 2003); *Hogan v. Dollar Rent A Car Systems, Inc.,* 783 So. 2d 1211 (Fla. 4th D.C.A. 2001) (trial court's dismissal of a personal injury action because of fraudulent medical history in which the court said: "We find no abuse of discretion in the trial court's dismissal of the case, since the fraud permeated the entire proceeding"; *Morgan v. Campbell*, 816 So. 2d 251 (Fla. 2d D.C.A. 2002) (dismissal with prejudice as a sanction for attempt to perpetrate a fraud on the court); *Cabrerizo v.Fortune Intn'l Realty,* 760 So. 2d 228 (Fla. 3d D.C.A. 2000) ("a party who has been guilty of fraud or misconduct . . . in the defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve [their] ends," citing *Hanono v. Murphy,* 723 So. 2d 892, 895 (Fla. 3d DCA 1998)); *Cox v. Burke,* 706 So. 2d 43, 47 (Fla. 5th DCA 1998) ("[w]here a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper."); *Desimone v. Old Dominion Ins. Co.*, 740 So. 2d 1233 (Fla. 4th D.C.A. 1999) (Appellant made "numerous" repeated misstatements of fact to intentionally thwart defendants from conducting discovery; such conduct was "a perpetration of fraud upon the court"; and there was no abuse of discretion in the trial court's dismissal of the case with prejudice; *Babe Elias Builders, Inc. v. Pernick*, 765 So. 2d 119 (Fla. 3d D.C.A. 2000) "[W]here a party perpetrates fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper" citing *Desimone, supra; Rosenthal v. Rodriguez*, 750 So. 2d 703 (Fla. 3d D.C.A. 2000) ("Courts throughout this state have repeatedly held 'that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to

Page 11 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures
(Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

employ the very institution it has subverted to achieve her ends'" (citing *Metropolitan Dade County v. Martinsen,* 736 So. 2D 794, 795 (Fla. 3d DCA 1999) (quoting *Hanono,* supra; *Metropolitan, supra,* "It is well-settled law 'that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends'" (citing *Hanono,* supra. As discussed hereinabove, trial courts have become very willing to use the ultimate sanction of dismissal with prejudice against litigants who play fast and loose with the truth.

     21. If trial courts have inherent authority to dismiss an action when a party has perpetrated a fraud on the court, or refuses to comply with court orders, this District Court with inherent power can dismiss MRI Co-Defendants MTD (**Doc 65**) for perpetrating a fraud on the court discussed in Plaintiff's opposition (**Doc 120**). If *Kornblum,* supra, was dismissed for refusing to comply with court orders, this District Court has inherent power to *sanction* MRI Co-Defendants June 28, 2010 response to Plaintiff's Request for Disclosure Documents"-- for failure to comply with Court-Ordered "Mandatory Initial Discovery Project" (Gen. Ord. 17-08) requiring responses be signed under oath.

     22. If a trial court in *Hogan v. Dollar Rent A Car,* supra, found "no abuse of discretion" in dismissing Plaintiff's case for "fraud," this District Court can also find "no abuse of discretion" in dismissing MRI Co-Defendants MTD (**Doc 65**) with prejudice for "fraud" that has "permeated the entire proceeding" applicable to Rule 60(b)(3). <u>See</u> also, *Haeger v. Goodyear,* supra, in which the 9th Cir. opinion determined it was not abuse of discretion for the district court to rely on its inherent power to sanction *Goodyear's* misconduct. *Goodyear* is relevant to MRI Co-Defendants misconduct of fraud, deceit, and bad faith in their MTD (**Doc 65**) that has also "permeated the entirety of the case." Plaintiff's opposition (**Doc 120**) shows multiple acts of fraud.

Page 12 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

23. In *Haeger*, the court also cited *Chambers,* infra, and *Primus*, supra, in part:

> "We have found bad faith in a variety of conduct stemming from "a full range of litigation abuses." *Chambers,* 501 U.S. at 47. For example "[a] party 'demonstrates bad faith by delaying or disrupting the litigation. . . .' *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997).

> "Actions constituting a fraud upon the court or actions that cause 'the very temple of justice [to be] defiled' are also sufficient to support a bad faith finding." *Chambers*, 501 U.S. at 46.

Similarly, MRI Co-Defendants have demonstrated "bad faith" in delaying or disrupting litigation by refusing to respond to Plaintiff's "mandatory" GO 17-08 discovery or disclosures; and by defiling "the very temple of justice" with "fraud upon the court" in MTD (**Doc 65**), which Plaintiff has strongly opposed (**Doc 120**).

## CONCLUSION

FOR THE FOREGOING REASONS, Plaintiff respectfully requests this Court Order, by its inherent power, in whole or in part, that Defendants, Music Reports, Inc., W.B. Colitre, and Brian Oppenheimer (MRI Co-Defendants), produce all Court-ordered "mandatory" GO 17-08 disclosures or discovery on or before_____ served by Plaintiff (**Docs 157 & 166**); and that MRI Co-Defendants (and attorneys) pay monetary sanctions for responses not signed under oath by attorneys of record under Rule 26(g), for bad faith abusive litigation, and for fraud on the court vitiating entire Motion to Dismiss (**Doc 65**); and that all monetary sanctions against MRI Co-Defendants be applied towards this Court's waived court costs/fees for Plaintiff, Pro Se; and that Defendants MTD (**Doc 65**) be dismissed with prejudice on grounds of fraud in a "proceeding" (Fed. R. Civ. P. Rule 60(b)(3)) "(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;"

## RULE 37 CERTIFICATION

I hereby certify that on 7/28/19, I sent a DUTY TO CONFER ELECTRONIC/ LETTER COMMUNICATION (Gmail) to Defendants counsel, Kenneth D. Freundlich and Scott

Page 13 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud

Zwillinger. My Gmail states: . . . *"Plaintiff avers that Co-Defendants have knowingly harmed the judicial process by ISRC fraud, e.g. – a cornerstone of "willful" criminal copyright infringements of "All Night Long" (2009-2018). Thus, objections to Plaintiff's request for Disclosure of Documents (Docs 157 & 166) have no merit, whatsoever."* See **Ex. A** attached hereto.

I also hereby certify that on 7/30/19, in an effort to obtain "mandatory" discovery from Defendants without court action, in "good faith" I conferred telephonically with counsel, Kenneth D. Freundlich, pursuant to General Order 17-08(C)(2)(a) – "Duty to Confer." Although I attempted to discuss Defendants fraud, Atty. Freundlich denied and brushed it off. Instead, he said, basically, verbatim: "I stand by my objections." His denials of Defendants misconduct of fraud, inter alia, made it impossible for a resolution of this case before filing this Motion to Compel and sanctions, etc.

Dated: August 7, 2019.                                       Respectfully submitted,

/s/Larissa Zagorsky-Beaudoin
Larissa Zagorsky-Beaudoin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 7, 2019, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System, who will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, and to Defendants counsel listed below:

Kenneth D. Freundlich (Cal. Bar #119806)
Admitted pro hac vice
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 645
Encino, California 91436
Telephone: (818) 377-3790
E-mail: ken@freundlichlaw.com

Scott Zwillinger
GOLDMAN & ZWILLINGER PLLC
17851 North 85th Street, Suite 175
Scottsdale, Arizona 85255
Main: (480) 626-8483
szwillinger@gzlawoffice.com

/s/ Larissa Zagorsky-Beaudoin

Page 14 of 14

Mo. for Order/Sanctions Compelling Defendants Mandatory Disclosures (Gen. Ord. 17-08); and Dismissal of Doc 65 w/Prejudice for Fraud