**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larissa Zagorsky-Beaudoin, | No. CV-18-03031-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Rhino Entertainment Company, et al., | |
| Defendants. | |

Pending before the Court are seven motions to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2), 12(b)(3), and 12(b)(6), as well as Plaintiff Larissa Zagorsky-Beaudoin's ("Plaintiff") additional motions. The Court now rules on the motions.[1]

## I.    BACKGROUND

On March 1, 2019, Defendants Warner Music Inc., Rhino Entertainment Company ("Rhino"), Atlantic Recording Corporation, Amazon.com, Inc., Microsoft Corporation, Pamela Lueneburg, and Kris Ahrend (collectively, "Warner Defendants") filed a pending Motion to Dismiss (Doc. 64). Plaintiff then filed a Response (Doc. 104) on April 1, 2019, and Warner Defendants filed a Reply (Doc. 123) on April 16, 2019.

---

[1] Although some Defendants request oral argument in this matter, the request for oral argument is denied because the issues have been fully briefed and oral argument would not have aided the Court's decisional process. (Doc. 65); *see also Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Inv'rs. Grp. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *see Prison Legal News v. Ryan*, No. CV-15-02245-PHX-ROS, 2019 WL 1099882, at *1 n.1 (D. Ariz. Mar. 8, 2019).

On March 1, 2019, Defendants Music Reports, Inc., W.B. Colitre, and Brian Oppenheimer (collectively, "MRI Defendants") filed a pending Motion to Dismiss (Doc. 65). Plaintiff then filed a Response (Doc. 120) on April 15, 2019, and MRI Defendants filed a Reply (Doc. 123) on April 16, 2019.

On March 1, 2019, Defendant eBay Inc. ("eBay") also filed a pending Motion to Dismiss (Doc. 70). Plaintiff then filed a Response (Doc. 89) on March 13, 2019, and Defendant eBay filed a Reply (Doc. 91) on March 20, 2019. Plaintiff's Response (Doc. 89) contains a request for injunctive relief and a separate request for sanctions against Defendant eBay. (*See* Doc. 89 at 2).

On March 12, 2019, Defendant Apple Inc. ("Apple") filed a pending Motion to Dismiss (Doc. 86) and joined Warner Defendants' Motion to Dismiss (Doc. 64). Plaintiff then filed a Response (Doc. 113) on April 8, 2019, and Defendant Apple filed a Reply (Doc. 124) on April 16, 2019.

On March 28, 2019, Defendant Myspace Music LLC ("Myspace") filed a pending Motion to Dismiss (Doc. 101) and joined Warner Defendants' Motion to Dismiss (Doc. 64). Plaintiff then filed a Response (Doc. 133) on April 28, 2019, and Defendant Myspace filed a Reply (Doc. 145) on May 10, 2019.

On March 28, 2019, Defendant Pandora Media, LLC ("Pandora") filed a pending Motion to Dismiss (Doc. 102) and joined Warner Defendants' Motion to Dismiss (Doc. 64). Plaintiff then filed a Response (Doc. 132) on April 26, 2019, and Defendant Pandora filed a Reply (Doc. 146) on May 13, 2019.

On April 1, 2019, Defendant eMusic.com, Inc. ("eMusic") filed a pending Motion to Dismiss (Doc. 105) and joined Warner Defendants' Motion to Dismiss (Doc. 64). Plaintiff then filed a Response (Doc. 125) on April 22, 2019, and Defendant eMusic filed a Reply (Doc. 136) on May 2, 2019.

On August 7, 2019 Plaintiff also filed a Motion to Compel (Doc. 187) MRI Defendants to respond to discovery request. Included in Plaintiff's Motion to Compel (Doc. 187) is a request for sanctions against MRI Defendants. (Doc. 187 at 12).

The thirty-three-page Complaint (Doc. 1) purports to assert seven causes of action against twenty different named Defendants stemming from an alleged licensing and royalty dispute between Plaintiff and various music labels and distributors. (Doc. 1 at 4–6, 8–30). These causes of action fall into three categories of claims: (1) copyright infringement; (2) fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims; and (3) criminal claims. (*See id.* at 8–30).

## A.    Facts

The following facts are either undisputed or recounted in the light most favorable to the non-moving party. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Plaintiff claims to own a one-third interest in the pre-1972 copyrighted musical composition of the song, *All Night Long*, co-authored by the Beaudoin Bros. and performed by The Palace Guard. (Doc. 1 at 2, 7). Plaintiff alleges she granted a mechanical license to manufacture and distribute copies of The Palace Guard's recording of *All Night Long*, embedded within a box set of CDs, in 2009. (*Id.* at 6).[2] Plaintiff continues that she terminated that license in 2015. (*Id.* at 26–27). Plaintiff contends she never licensed or otherwise authorized digital copies and distributions of the *All Night Long* track, and royalties from digital sales of the song were not properly accounted to her by Defendants. (*See, e.g., id.* at 7, 10, 21–23). Specifically, Plaintiff alleges that Warner Defendants and MRI Defendants, conspired to assign an International Standard Recording Code ("ISRC")[3]—used to track digital sales of recordings—to the *All Night Long* track that diverts royalties to an unrelated third party, thus depriving Plaintiff of royalties under the license. (*Id.* at 3, 10).

Plaintiff alleges she first discovered this conspiracy in 2010. (*Id.* at 10 ("*In 2010, Plaintiff discovered that Defendants . . . , in conspiracy, fraudulently used [a third party's]*

---

[2] The January 2009 license and September 2009 "Revised" license that Plaintiff attached to her pleading indicate that she was located in Tennessee and then Georgia, respectively, when she entered into each license. (Doc. 1 at 6, 34–37).

[3] MRI Defendants explain that an ISRC is used in "an International Standards Organization system for identifying sound recordings and music video recordings. Each ISRC is intended to be a unique identifier for a specific recording, but the system is notoriously polluted with misallocated codes." (Doc. 65 at 4 n.4).

invalid USRHD0900559 ISRC code for *All Night Long*" (emphasis added))). Plaintiff further alleges Defendants must be infringing her claimed copyright because box sets including *All Night Long* were available in 2017 on auction websites, such as Defendant eBay's website. (*Id.* at 28; Doc. 1-3 at 22–25). Plaintiff adds that digital downloads and streams were also available on foreign websites in 2017 and 2018, in violation of her claimed copyright. (*Id.* at 13–14, 28). Finally, in naming each Defendant, Plaintiff expressly alleges that none of Defendants are domiciled in Arizona. (*Id.* at 4–6).

## II.    PLAINTIFF'S MISCELLANEOUS OBJECTIONS

Plaintiff filed an "Objection" (Doc. 137) to the timeliness of MRI Defendants' Reply (Doc. 134). As MRI Defendants point out, because one of the grounds for MRI Defendants' Motions to Dismiss (Doc. 65) is a lack of personal jurisdiction, District of Arizona Local Rule of Civil Procedure ("LRCiv") 12.1(b) sets forth that "the time schedule for filing and service of responsive and reply memoranda will be the same as for motions for summary judgment"—fifteen days. LRCiv 12.1(b); LRCiv 56.1(d). Here, Plaintiff filed her Response (Doc. 120) on April 15, 2019, and MRI Defendants filed their Reply (Doc. 134) and related Notice of Errata (Doc. 135) by April 30, 2019. Accordingly, MRI Defendants' Reply (Doc. 134) was timely and Plaintiff's "Objection" (Doc. 137) and implicit request to strike is denied. Plaintiff raises the same "Objection" (Doc. 138; Doc. 150) and request to strike Defendant eMusic's Reply (Doc. 136) and Defendant Pandora's Reply (Doc. 146) on timeliness grounds, which are likewise denied for the same reasons.

Plaintiff also argues that Defendant Pandora failed to comply with the certification requirements contained in LRCiv 12.1(c) by not "notifying Plaintiff before filing motions to dismiss[.]" (Doc. 150 at 2). LRCiv 12.1(c) states that a motion to dismiss must include "a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). Plaintiff's contention is simply incorrect because Defendant Pandora provided an email demonstrating it reached out to "Plaintiff regarding [Defendant] Pandora's intended

motion to dismiss[.]" (Doc. 151 at 2 (citing Doc. 151-1)). Plaintiff levies the same argument pursuant to LRCiv 12.1(c) against Defendant Myspace, which Defendant Myspace likewise debunks by providing copies of email communications. (*Compare* Doc. 147 at 1, *with* Doc. 152 at 1–2 (citing Doc. 152-1 at 2–5)). Accordingly, Plaintiff's additional "Objections" (Doc. 150 (as to Defendant Pandora); Doc. 147 (as to Defendant Myspace)) and requests to strike are denied.

As the Court previously explained:

> An "objection" is not a means under the Federal Rules of Civil Procedure or the Civil Local Rules for the District of Arizona, of seeking relief before this Court. However, Plaintiff clearly opposes any interpretation of her filing that would entitle[] it to consideration. Thus, while the Court notes the filing at Doc. 112 seeks certain relief, the Court will take no action on it because any request embedded therein was not presented in a procedurally appropriate manner.

(Doc. 119 at 2 n.2). The Court will take no action as to Plaintiff's additional requests for relief imbedded within filings not presented in a procedurally appropriate manner.

## III. PERSONAL JURISDICTION

All Defendants except for Defendant eBay move to dismiss under Rule 12(b)(2). (Doc. 64; Doc. 65; Doc. 86; Doc. 101; Doc. 102; Doc. 105; *see* Doc. 70 (Defendant eBay moves to dismiss exclusively under Rule 12(b)(6)).

### A. Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Federal courts look to state law to determine the reach of jurisdiction, and Arizona's long-arm statute "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins.*, 736 P.2d 2, 4 (Ariz. 1987)); *see also* Ariz. R. Civ. P. 4.2(a).

To satisfy federal due process, a "nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"It is the plaintiff's burden to establish jurisdiction." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citation omitted). Courts must accept uncontroverted statements in a complaint as true and resolve conflicts of facts contained in affidavits in the plaintiff's favor, but a "plaintiff cannot simply rest on the bare allegations of its complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citation omitted). Personal jurisdiction may be either general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### 1. General Jurisdiction

Under general jurisdiction, a court can hear any claim against a defendant who can be "fairly regarded as at home" in the state. *Id.* at 924. For an individual, general jurisdiction lies where he or she is domiciled. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). An individual's domicile is where the individual resides with the intent of making it his or her home. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

For a corporation, general jurisdiction is proper in either the corporation's state of incorporation or principal place of business. *Daimler*, 571 U.S. at 137. General jurisdiction can exist in another forum only in an "exceptional case" where a corporation is "essentially at home" in that other forum. *Id.* at 138–39 & n.19 (providing an example of an exceptional case to be one in which an Ohio court could exercise general jurisdiction over a Philippines corporation that temporarily relocated to Ohio during World War II (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)); *cf. BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that Montana courts lacked general jurisdiction over a railway company even though the company "ha[d] over 2,000 miles of railroad track and employ[ed] more than 2,000 workers" in the state at that time). "[A] corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF Ry.*, 137 S. Ct. at 1559 (quoting *Daimler*, 571 U.S. at 139 n.20).

## 2. Specific Jurisdiction

When relying on specific jurisdiction, a plaintiff must establish that jurisdiction is proper for each claim asserted against a defendant. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). If personal jurisdiction exists over one claim, the Court "may exercise pendant jurisdiction over any remaining claims that arise out of the same common nucleus of operative facts." *Id.* (internal quotation marks and citation omitted). The specific jurisdiction inquiry focuses on "the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (citation omitted). The Ninth Circuit applies a three-part test to determine whether a defendant is subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211 (citation omitted). The plaintiff must establish the first two factors. *See id.* If the plaintiff does so, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction is not reasonable. *Id.* at 1212.

### a. Purposeful Direction

Purposeful direction and purposeful availment are "two distinct concepts." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). Courts typically apply the former in suits sounding in tort, and the latter in those sounding in contract. *Id.* Although Plaintiff entered into a mechanical license in 2009, she asserts she terminated it in 2015 and alleges copyright and other tort claims. (*See* Doc. 1 at 26). Where "the underlying action is copyright infringement, which is often characterized as a tort" then "[p]urposeful

direction is . . . the proper analytical framework." *Brayton Purcell LLP*, 606 F.3d at 1128 (citation omitted). Accordingly, the purposeful direction test applies here.

Specific jurisdiction is proper in tort actions when the defendant purposely "directed his actions at the forum state," regardless of where the actions took place. *See Picot*, 780 F.3d at 1212; *see also id.* at 1213–15 (analyzing whether defendant purposely directed his actions at the forum state). "Purposeful direction" is satisfied under the "effects" test when the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803). In applying this test, courts must "look[] to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (citing *Int'l Shoe*, 326 U.S. at 319). "[A]n injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum [s]tate." *Id.* at 290. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Id.* Rather, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum [s]tate." *Id.* "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

## B. Analysis

The Court will address personal jurisdiction as to each party in the order in which they filed their motions to dismiss.

### 1. General Jurisdiction

#### a. Warner Defendants

First, the Warner Defendants include both individuals and corporate entities. (Doc. 64 at 7–9). Plaintiff alleges that Defendants Pamela Lueneburg and Kris Ahrend (collectively, the "Individual Warner Defendants") were both employed in Burbank, California. (Doc. 1 at 5). While this information supplied by Plaintiff suggests that the Individual Warner Defendants were not domiciled in Arizona at any relevant time, their

respective affidavits confirm that the Individual Warner Defendants "never lived in Arizona" and "never resided in Arizona." (Doc. 64-1 (Defendant Pamela Lueneburg is domiciled in California); Doc. 64-2 (Defendant Kris Ahrend is domiciled in Tennessee)). Plaintiff does not otherwise allege the Individual Warner Defendants ever worked in Arizona or have any other specific ties to Arizona such that Arizona could ever be considered either individual's domicile. (*See* Doc. 1); *see also Daimler*, 571 U.S. at 137. Accordingly, the Court finds that the Individual Warner Defendants are not subject to general personal jurisdiction in Arizona.

As to the remaining Warner Defendants—Warner Music Inc., Rhino Entertainment Company, Atlantic Recording Corporation, Amazon.com, Inc., and Microsoft Corporation (collectively, the "Corporate Warner Defendants")—Plaintiff acknowledges that none are incorporated in Arizona and none has its principal place of business in Arizona. (*See* Doc. 1 at 4–5); *see also Daimler*, 571 U.S. at 137. As Plaintiff alleges, the Corporate Warner Defendants are each Delaware corporations[4] and are headquartered in California (Rhino Entertainment Company), New York (Atlantic Recording Corporation and Warner Music Inc.), and Washington (Amazon.com, Inc. and Microsoft Corporation). (Doc. 1 at 4–5). Further, Plaintiff does not allege facts suggesting that this could be an "exceptional case" in which any Corporate Warner Defendant is "essentially at home" in Arizona. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'").

Moreover, Plaintiff does not address whether any Corporate Warner Defendant should be an "exceptional case" based on any Defendant's status as a national organization with a significant presence in Arizona. (*See* Doc. 104). Nonetheless, this Court notes that

---

[4] Warner Defendants clarify that Defendant Microsoft Corporation is actually a Washington corporation, (Doc. 64 at 9), but that does not change this Court's jurisdictional analysis. Warner Defendants confirm the state of incorporation and principal places of business for all other Corporate Warner Defendants are as Plaintiff alleges. (*Id.*).

Arizona courts foreclose such an argument. *Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1120–22 ¶¶ 14–25 (Ariz. Ct. App. 2017) (holding that Wal-Mart is not subject to general personal jurisdiction in Arizona). The Arizona Court of Appeals explained:

> Were we to hold that Arizona, a state that is home to just under 34,000 of Wal-Mart's estimated 2.3 million global employees (1.5 million of whom are employed in the United States) has general jurisdiction over Wal-Mart, we would effectively confer general jurisdiction over every foreign corporation with a large commercial presence in Arizona. Such a rule would be neither fair, rational nor consistent with the reasoning of *Daimler* and *Goodyear*.

*Id.* at 1121–22 ¶ 21. Subjecting any Corporate Warner Defendant to general personal jurisdiction here would likewise be "neither fair, rational nor consistent with" applicable precedent. *Id.* at 1122 ¶ 21. Accordingly, the Court finds that the Corporate Warner Defendants are also not subject to general personal jurisdiction in Arizona.

**b.      Remaining Defendants**

Consistent with the above reasoning, none of the remaining Defendants who challenge jurisdiction are subject to general personal jurisdiction in Arizona. MRI Defendants also include both individual and corporate entities. Defendants W.B. Colitre and Brian Oppenheimer (collectively, the "Individual MRI Defendants") were domiciled in California at all relevant times while working at Defendant Music Reports, Inc.'s headquarters in Woodland Hills, California. (*See* Doc. 1 at 4–5; Doc. 65 at 6–7 (confirming the Individual MRI Defendants' domicile to be in California (citing Doc. 65-1 (for Defendant W.B. Colitre); Doc. 65-2 (for Defendant Brian Oppenheimer)))). Similarly, Defendant Music Reports, Inc. is alleged and confirmed to be a Delaware corporation with its principal place of business in California. (*See* Doc. 1 at 4; Doc. 65 at 6 (confirming Defendant Music Reports, Inc. is a Delaware corporation, based in California)). Moreover, Defendant Music Reports, Inc. does not have either employees or an office in Arizona. Accordingly, the Court finds that MRI Defendants are not subject to general personal jurisdiction in Arizona.

As to Defendant Apple, Plaintiff alleges, and Defendant Apple confirms, it "is not an Arizona corporation and [Defendant] Apple does not have its principal place of business

in Arizona." (*See* Doc. 1 at 4–5; Doc. 86 at 6). As to Defendant Myspace, Plaintiff alleges, and Defendant Myspace does not dispute, Defendant Myspace is "a Delaware [entity], with its principal place of business in Beverly Hills, California." (*See* Doc. 1 at 5; Doc. 101 at 5). As to Defendant Pandora, Plaintiff alleges, and Defendant Pandora confirms, it "is a Delaware entity with its [principal place of] business located in California." (*See* Doc. 1 at 6; Doc. 102 at 2). As to Defendant eMusic, Plaintiff alleges, and Defendant eMusic does not dispute, Defendant eMusic is a Delaware corporation with its principal place of business in New York. (*See* Doc. 1 at 5; Doc. 105 at 5). Plaintiff does not otherwise attempt to carry her burden to establish jurisdiction by any other theory of general jurisdiction as to any Defendant. *See Ziegler*, 64 F.3d at 473. Accordingly, the Court finds that MRI Defendants, Defendant Apple, Defendant Myspace, Defendant Pandora, and Defendant eMusic are not subject to general personal jurisdiction in Arizona.

### 2. Specific Jurisdiction

Without general personal jurisdiction, Plaintiff must carry her burden to establish that Defendants are subject to specific personal jurisdiction. Under the Ninth Circuit's framework, the Court first applies the purposeful direction test because Plaintiff's claims sound in tort. *See Brayton Purcell LLP*, 606 F.3d at 1128.

While Plaintiff alleges Defendants committed an intentional act by failing to distribute royalties from digital sales to Plaintiff in violation of her claimed copyright, Plaintiff does not allege that any act was "expressly aimed at the forum state" or that Defendants knew that any harm was "likely to be suffered in the forum state" of Arizona. *See Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803). Conversely, the conspiracy alleged by Plaintiff stems from alleged fraudulent dealings with Defendants during a period in which Plaintiff resided in Tennessee and Georgia. (*See* Doc. 1 at 6, 34–37). The only connection to Arizona is that Plaintiff presumably moved to Arizona sometime after alleged copyright infringement began. (*See* Doc. 1; *see also* Doc. 104 (listing Plaintiff's current address in Arizona)). Plaintiff does not specify when she moved to Arizona and does not allege that any dealings ever took place between her and

Defendants in the forum state. *Cf. Picot*, 780 F.3d at 1214 (stating a court "must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum").

Additionally, Plaintiff alleges that the digital exploitation and sublicensing of the track occurred "worldwide," including on auction websites and internationally-based websites in India and Greece. (*See* Doc. 1 at 23, 28). Worldwide distribution is "untargeted" conduct, which is insufficient to constitute "expressly aimed" conduct at a particular state. *See Schwarzenegger*, 374 F.3d at 807 (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Moreover, Plaintiff does not allege that Defendants ever knew or could have known that harm would be suffered in Arizona because she does not allege that any Defendant was aware that she lived in Arizona. (*See* Doc. 1; *see also id.* at 34–37; Doc. 1-1 at 36–40). All documentation of interaction with Defendants that Plaintiff has attached to her pleading reflect her Tennessee and Georgia addresses. (*See* Doc. 1; *see also id.* at 34–37; Doc. 1-1 at 36–40). The first and only indication attached to her pleading that Plaintiff moved to Arizona is an Arizona address listed in the signature line of her email to a non-party sent on December 14, 2016. (Doc. 1-1 at 2).

Here, the attenuated and isolated correspondence in the record between Plaintiff and any Defendant indicates that Plaintiff did not reside in Arizona at the time of relevant correspondence. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–70 (9th Cir. 2017) (reasoning that "single or occasional acts *related to the forum* may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum" (emphasis added) (internal quotation marks and citations omitted)). For example, Plaintiff contacted Defendant Myspace in 2010 to request Defendant Myspace to remove a track from its website (Doc. 1-1 at 6 (when Plaintiff seemingly resided in Georgia)); Plaintiff received a royalty payment of $0.27 in 2010 from Defendant Rhino Entertainment Company (Doc. 1-1 at 40 (also listing a Georgia address)); and Plaintiff received a letter from Defendant Music Reports, Inc. in 2013 (Doc. 1-2 at 2 (listing a California address)). Because Plaintiff

1  never indicated to any Defendant that she moved to Arizona, the Court finds that Plaintiff

2  fails to satisfy the purposeful direction test.[5] As such, Plaintiff fails to carry her burden of

3  establishing specific personal jurisdiction of any Defendant who filed a motion to dismiss

4  under Rule 12(b)(2).[6]

5  Without establishing a basis for either general or specific personal jurisdiction,

6  Plaintiff's claims against Warner Defendants, MRI Defendants, Defendant Apple,

7  Defendant Myspace, Defendant Pandora, and Defendant eMusic are dismissed under Rule

8  12(b)(2) for lack of personal jurisdiction.

9  ## IV.    FAILURE TO STATE A CLAIM

10  Defendant eBay moves to dismiss exclusively under Rule 12(b)(6) for failure to

11  state a claim. (Doc. 70).

12  ### A.    Legal Standard

13  A defendant may move to dismiss a complaint for "failure to state a claim upon

14  which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim

15  "is proper only where there is no cognizable legal theory or an absence of sufficient facts

16  alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d

17  956, 965 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018). "To survive a motion to dismiss, a

18  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

19

20  [5] Even if Defendants did engage in occasional acts related to the forum by communicating with Plaintiff at some point in time while she resided in Arizona, Plaintiff
21  nonetheless fails to satisfy the purposeful direction test without alleging any conduct expressly aimed at Arizona. *See Axiom Foods, Inc.*, 874 F.3d at 1070.

22  [6] Because the Court finds that Plaintiff has failed to show purposeful direction by any Defendant who filed a motion to dismiss for lack of personal jurisdiction, it need not
23  analyze the remaining factors under the Ninth Circuit test to determine whether a defendant is subject to specific personal jurisdiction. *See Picot*, 780 F.3d at 1211. The
24  Court notes, however, that Plaintiff likewise fails to allege any Defendant engaged in any "forum-related activities" and would therefore fail the second prong of the Ninth Circuit
25  test. *See id.* Even if the alleged "worldwide" exploitation of The Palace Guard's record of *All Night Long* could be felt by Plaintiff in Arizona, these claims would persist even if
26  Arizona were not included in nationwide infringement. *See Am. Nat'l Red Cross*, 112 F.3d at 1051–52 (indicating a plaintiff must establish a "but for" relationship between a
27  defendant's role in nationwide distribution of a harmful product and injuries suffered by a plaintiff in Arizona). Accordingly, under this alternative reasoning, Plaintiff still fails
28  to carry her burden of establishing specific personal jurisdiction as to any moving Defendant.

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept all factual allegations at the pleading stage, courts may not accept legal conclusions couched as factual allegations. *Id.* at 678–79. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim that will overcome a motion to dismiss under Rule 12(b)(6). *Id.* at 679.

All facts are read in the light most favorable to Plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Moreover, the Court liberally construes a pro se litigant's pleadings. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## B.     Analysis

Plaintiff alleges that eBay violated her rights under 17 U.S.C. § 106. (Doc. 1 at 27–28).[7] Section 106 grants "the owner of copyright under this title . . . exclusive rights," including the right "to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership." § 106(3). Copyright infringement can be established through direct or secondary liability. *See Metro-Goldwyn-Mayer Studs. Inc. v. Grokster, Ltd.* ("*Grokster*"), 545 U.S. 913, 929–30 (2005).

To establish Defendant eBay is directly liable for violation of her rights under § 106(3), Plaintiff must show: (1) she is the holder of the copyright and (2) copying by Defendant eBay. *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066–67 (9th Cir. 2014). Plaintiff has alleged sufficient facts to establish she holds the copyright to the *All Night Long* track. (*See* Doc. 1 at 7–8, 36–39). However, Plaintiff did not allege any facts that Defendant eBay "cause[d] the copying." *See Fox Broad. Co.*, 747 F.3d at 1066–68 (holding that district court did not err in denying preliminary injunction because copyright holder could not show likelihood of success on the merits as there was no evidence defendant caused any copying of copyright holder's work). Plaintiff has not

_____

[7] Plaintiff alleges civil RICO claims under 18 U.S.C. §§ 1962, 1964 in the Complaint (Doc. 1) as well, but she has clarified in her Response to Defendant eBay's Motion to Dismiss (Doc. 70) that she is not alleging any civil RICO claim against Defendant eBay. (Doc. 89 at 5). Thus, the Court will not analyze that claim as it relates to Defendant eBay's Motion to Dismiss (Doc. 70).

alleged sufficient facts to establish a plausible claim of direct liability for copyright infringement against Defendant eBay.

Plaintiff's complaint also fails to state a plausible claim against Defendant eBay under § 106(3) for secondary liability. Secondary liability can be either vicarious or contributory. *See Grokster*, 545 U.S. at 929–30; *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670–74 (9th Cir. 2017).

Plaintiff failed to allege sufficient facts to state a plausible claim for vicarious copyright infringement. To establish vicarious liability the copyright holder must show "the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc.*, 847 F.3d at 673 (citation omitted). Because Plaintiff cannot show Defendant eBay had a direct financial interest in the alleged copying of her copyright, the Court will only analyze that element of the claim. *See id.* at 674.

The defendant has a direct financial interest where "there is a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004). "[T]he central question of the 'direct financial benefit' inquiry . . . is whether the infringing activity constitutes a draw for subscribers, not just an added benefit." *Id.* (concluding that defendant did not have a direct financial interest because there was no evidence to show that defendant "attracted or retained subscriptions" to its online service as a result of the infringement or that it lost subscriptions when the infringement ceased); *see also Perfect 10, Inc.*, 847 F.3d at 674 (holding that copyright holder failed to show a direct financial benefit because there was no evidence "that customers were drawn to [defendant's] services because of the infringing . . . material at issue"). The Complaint includes no factual allegations that the listing of the *All Night Long* track on Defendant eBay's site affected Defendant eBay's user base in any way, and thus, Plaintiff has not alleged facts that Defendant eBay had a direct financial interest in others' alleged direct infringement of her copyright. Consequently,

Plaintiff has failed to state a plausible claim for vicarious liability for copyright infringement under § 106(3) against Defendant eBay.

Plaintiff has not alleged sufficient facts to establish a plausible claim of contributory liability either. A defendant can be held liable for contributory copyright infringement if the plaintiff shows the defendant "(1) knew of the direct infringement; and (2) they either induced, caused, or materially contributed to the infringing conduct." *See Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (citation omitted). To establish knowledge of direct infringement, there must be facts that show the defendant had "actual knowledge of specific acts of infringement." *See id.* (citation omitted). Plaintiff alleges no facts that Defendant eBay knew of any direct infringement of her alleged copyright. As such, Plaintiff has failed to state a plausible claim for contributory copyright infringement against Defendant eBay. *See id.* (affirming motion to dismiss contributory copyright infringement claim because the copyright holder failed to allege any specific facts about defendant's knowledge of the alleged copyright infringement). Given this finding, the Court will not analyze the issue of material contribution. *See Perfect 10, Inc*., 847 F.3d at 671.

Therefore, Plaintiff's § 106(3) claims against Defendant eBay are dismissed for failure to state a claim because she has not alleged sufficient facts to establish either direct or secondary liability for copyright infringement against Defendant eBay.

### C. Leave to Amend

Although Plaintiff has not requested leave to amend, a court should grant leave to amend sua sponte unless the court determines that the pleading could not be cured by the allegation of other facts. *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc); *see also* Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely give leave [to amend] when justice so requires"). In other words, leave to amend should be denied if amendment would be futile. *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). Amendment is futile when a plaintiff's claims are based on threadbare allegations and legal conclusions, the plaintiff fails to rebut

any of the defendant's arguments in the motion to dismiss, and there is an applicable defense to the claim plaintiff alleges. *See Aguiar v. Cal. Sierra Express, Inc.*, No. 2:11-CV-02827-JAM, 2012 WL 1593202, at *2 (E.D. Cal. May 4, 2012).

Here, Plaintiff only articulates threadbare allegations of copyright infringement against Defendant eBay that do not establish a plausible claim. Plaintiff claims that Defendant Rhino continued to manufacture and distribute the *All Night Long* track after Plaintiff terminated the license she had granted to it in 2009. (*See* Doc. 1 at 28). Defendant Rhino asserts "[P]laintiff does not allege, nor could she in good faith allege, that Rhino has any control over resales of the box sets it lawfully distributed pursuant to [P]laintiff's licenses." (*See* Doc. 64 at 13; *see also* Doc. 70 at 9–10 ("Plaintiff's allegations therefore establish that the CDs listed on eBay were lawful copies licensed by [P]laintiff . . . .")). While Plaintiff alleges, without any factual detail, that the copies of the tracks sold on eBay in 2017 and 2018 were made and distributed by Defendant Rhino after she terminated the license, an "obvious alternative explanation" is that these copies were lawfully manufactured and distributed by Defendant Rhino before Plaintiff terminated the license, as Defendant Rhino suggests in its Motion to Dismiss (Doc. 64 at 13).[8] *See Iqbal*, 556 U.S. at 682 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)). As such, Plaintiff does no more than articulate a threadbare recital of the elements of copyright infringement under § 106(3), and there is no reason why she did not include factual allegations detailing how she knows the copies of the tracks on eBay's site were made and distributed after she terminated the license in 2015.

Based on Plaintiff's own allegations, the explanation that the copies of the tracks that were listed on eBay in 2017 and 2018 were lawfully manufactured and distributed during the six-year license is an obvious alternative. By comparison, Plaintiff's

---

[8] Plaintiff provides several examples of the CD box set that included the Plaintiff's allegedly copyrighted *All Night Long* track listed on eBay. (*See* Doc. 1-3 at 22–25). However, each example indicates that the listed box set was released in 2009, the year in which Plaintiff granted the license to Defendant Rhino. (*Id.*) Thus, these examples suggest that Plaintiff has no evidence that there were infringing copies of the track listed on Defendant eBay's site.

unsubstantiated theory that Defendant Rhino continued to manufacture and distribute copies of the track in violation of § 106(3) is implausible. *See Iqbal*, 556 U.S. at 682. Indeed, Plaintiff did not assert any factual support for her assertion that Defendant Rhino continued to make and distribute copies of the *All Night Long* track after Plaintiff terminated the license in response to either the Warner Defendants' or Defendant eBay's motions to dismiss (Doc. 64 (Warner Defendants' Motion to Dismiss); Doc. 70 (Defendant eBay's Motion to Dismiss)).

Defendant eBay also has a defense to Plaintiff's allegations. Plaintiff's Complaint lacked factual allegations that Defendant Rhino continued to unlawfully make and distribute copies of the *All Night Long* track after Plaintiff terminated the license in 2015. Without these allegations, Plaintiff's claims against Defendant eBay will fail under the first sale doctrine. Under 17 U.S.C. § 109(a), "[n]otwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright holder, to sell or otherwise dispose of the possession of that copy or phonorecord." § 109(a). This provision means that anyone who purchases a lawfully distributed copyrighted work may freely dispose of it without the copyright holder's permission. *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 524 (2013). Accordingly, if no copies were made after Plaintiff terminated Defendant Rhino's license, then the first sale doctrine applies and bars any of Plaintiff's copyright infringement claims against Defendant eBay. Defendant Rhino's assertion that it lawfully distributed all copies of the track and Plaintiff's own evidence indicating that each of the box sets listed on Defendant eBay's site were released in 2009 renders implausible Plaintiff's claim that Defendant Rhino continued to manufacture and distribute copies of the *All Night Long* track after she terminated the license in 2015. (*See* Doc. 1-3 at 22–25; Doc. 64 at 13). The Court finds Plaintiff cannot allege facts that would overcome the first sale doctrine.

Thus, amendment is futile because (1) Plaintiff's Complaint (Doc. 1) only includes threadbare allegations and legal conclusions, (2) Plaintiff has failed to rebut any of the

arguments Defendant eBay asserted in its Motion to Dismiss (Doc. 70), and (3) she will be unable to plead facts that will escape the first sale doctrine. *See Aguiar*, 2012 WL 1593202, at *2 (granting motion to dismiss under similar circumstances).

Additionally, even if Plaintiff could establish direct infringement by Defendant Rhino, the factual scenario she alleges would not subject Defendant eBay to copyright liability. If Plaintiff alleged facts showing Defendant Rhino made and distributed copies of the *All Night Long* track after she terminated the license in 2015, Defendant eBay would still not be liable for copyright infringement—either directly or secondarily, for the reasons discussed above. Thus, amendment would be futile for this reason as well. *See Airs Aromatics, LLC*, 744 F.3d at 600 (finding amendment futile where plaintiff "could not advance an alternative set of allegations" that would establish a legally cognizable claim).

At bottom, it appears that Plaintiff misunderstands copyright law. Plaintiff's claims against Defendant eBay are centered on the fact that copies of the *All Night Long* track appeared on eBay after she terminated Defendant Rhino's license in 2015. (*See* Doc. 1 at 28). That fact standing alone does not support a legally cognizable theory of relief; therefore, granting leave to amend would be futile for this reason also. *Cf. Taghadomi v. United States*, 401 F.3d 1080, 1082, 1090 (9th Cir. 2005) (affirming district court's denial of motion for leave to amend at summary judgment stage because plaintiffs' claims were futile as they were not legally cognizable).

Because amendment would be futile, Plaintiff's claims against Defendant eBay are dismissed with prejudice.

## V. PLAINTIFF'S MISCELLANEOUS MOTIONS

Plaintiff filed an Objection (Doc. 112) to this Court's previous Order (Doc. 103) denying reconsideration "of this Court's order regarding Marshal service on Defendant John Cosenza (Doc. 90)." (Doc. 103 at 3). For the reasons set forth in the Court's previous Order (Doc. 103), the Court denies Plaintiff's "Objection" (Doc. 112), which is effectively a request for "re-reconsideration." *See supra* Part II.[9]

_____

[9] Therein, Plaintiff reiterates her untimely desire to recuse the undersigned, which lacks a legally sufficient affidavit of bias as well as a valid legal basis even if considered

Plaintiff also filed a document titled "Opposition to [Warner Defendants] Reply" (Doc. 128), which the Court construes as an improper surreply. (Doc. 128 at 1). The District of Arizona Local Rules do not authorize filing a surreply. *See* LRCiv 7.2 (providing for responsive and reply memoranda only); *Kuc v. MTC Fin. Inc.*, No. CV 12–08126–PHX–GMS, 2012 WL 5269208, at *2 (D. Ariz. Oct. 24, 2012). Further, nothing in the Surreply could be construed as a motion for leave to file a surreply. "[A]cceptance or rejection of argumentative briefs, memoranda, and other supplementary material is within the sound discretion of the court." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982).

In general, surreplies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006)). Accordingly, surreplies will not be permitted except "in the most extraordinary circumstances." *Id.* (quoting *Beckner v. Astrue*, No. 06-1012-JTM, 2007 WL 2013608, at *1 (D. Kan. July 9, 2007)).

However, even if this Court were to permit Plaintiff's Surreply (Doc. 128), Plaintiff presents no new facts or arguments that would change the Court's reasoning as stated herein. Plaintiff's arguments in the Surreply appear to be an attempt to support Plaintiff's claim that she sufficiently pleaded her claims. Because the Court determines Plaintiff's claims should be dismissed, Plaintiff's arguments in the unpermitted Surreply (Doc. 128) are irrelevant and do not change this Court's analysis.

Based on the Court's decision that Plaintiff's Complaint (Doc. 1) should be dismissed, Plaintiff's Motion to Compel (Doc. 187) is denied as moot. Plaintiff's "Objection" (Doc. 154) to various Defendants' discovery responses is likewise denied as moot.

---

on the merits. (Doc. 112 at 3 (citing Doc. 107, Plaintiff's Motion to Recuse)). For the reasons set forth in the Court's previous Order (Doc. 109) denying Plaintiff's Motion to Recuse (Doc. 107), Plaintiff's subsequent request is likewise denied. (*See* Doc. 109 at 1–2).

# VI.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants Warner Music Inc., Rhino Entertainment Company, Atlantic Recording Corporation, Amazon.com, Inc., Microsoft Corporation, Pamela Lueneburg, and Kris Ahrend's Motion to Dismiss (Doc. 64) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that Defendants Music Reports, Inc., W.B. Colitre, and Brian Oppenheimer's Motion to Dismiss (Doc. 65) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that Defendant Apple Inc.'s Motion to Dismiss (Doc. 86) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that Defendant Myspace Music LLC's Motion to Dismiss (Doc. 101) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that Defendant Pandora Media, LLC's Motion to Dismiss (Doc. 102) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that Defendant eMusic.com, Inc.'s Motion to Dismiss (Doc. 105) is **GRANTED** pursuant to Rule 12(b)(2).

**IT IS FURTHER ORDERED** that as a result of the foregoing, judgment shall be entered in favor of Defendants Warner Music Inc., Rhino Entertainment Company, Atlantic Recording Corporation, Amazon.com, Inc., Microsoft Corporation, Pamela Lueneburg, Kris Ahrend, Music Reports, Inc., W.B. Colitre, Brian Oppenheimer, Apple Inc., Myspace Music LLC, Pandora Media, LLC, and eMusic.com, Inc. with prejudice as to the issue of whether personal jurisdiction exists in Arizona through the date of the filing of the complaint, but without prejudice as to the underlying merits of the case.

**IT IS FURTHER ORDERED** that Defendant eBay Inc.'s Motion to Dismiss (Doc. 70) is **GRANTED** pursuant to Rule 12(b)(6); judgment shall be entered dismissing all claims against Defendant eBay with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's various Objections (including Doc. 112; Doc. 137; Doc. 138; Doc. 147; and Doc. 150) are **OVERRULED/DENIED** and all additional motions and requests for relief therein (including Doc. 89; Doc. 154; and Doc. 187) are **DENIED** as moot.

Dated this 9th day of September, 2019.

James A. Teilborg
Senior United States District Judge