**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larissa Zagorsky-Beaudoin, | No. CV-18-03031-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Rhino Entertainment Company, et al., | |
| Defendants. | |

Pending before the Court is Larissa Zagorsky-Beaudoin's ("Plaintiff") Motion to Vacate the judgment entered on September 9, 2019 (Docs. 193; 194). (Doc. 195). The Court now rules on the Motion.[1]

## I. BACKGROUND

The Court dismissed Plaintiff's Complaint in its entirety on September 9, 2019. (Docs. 193; 194). The Court dismissed the claims against Defendants Warner Music Inc., Rhino Entertainment Company, Atlantic Recording Corporation, Amazon.com, Inc., Microsoft Corporation, Pam Lueneburg, Kris Ahrend, Music Reports, Inc., W.B. Colitre, Brian Oppenheimer, Apple Inc., Myspace Music LLC, Pandora Media, LLC, and eMusic.com, Inc. for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Docs. 193; 194). The Court dismissed the claims against Defendant eBay Inc.

---

[1] Plaintiff exceeded the seventeen-page limit for motions. *See* LRCiv. 7.2(e)(1). The Court has wide discretion to sanction a party for exceeding the page limit imposed by local rules. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). Accordingly, the Court will not consider any argument raised after page seventeen (17) of the Motion.

("eBay") with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 193; 194).

The gist of Plaintiff's Complaint is that Defendants committed copyright infringement of a work she alleges she owns a copyright to. (*See* Doc. 1). Plaintiff further alleges that she granted a mechanical license to manufacture and distribute copies of the copyrighted work, which was embedded within a box set of CDs, in 2009. (*Id.* at 6–7). Plaintiff asserts the license terminated in 2015. (*See id.* at 26–27). Plaintiff contends that, because the box set of CDs appeared on Defendant eBay's site after the license terminated in 2015, she has a claim against Defendant eBay for copyright infringement. (*See id.* at 28).

Plaintiff timely filed this Motion to Vacate (Doc. 195) on October 8, 2019.

Defendant Pandora Media, LLC ("Pandora") responded in opposition to the Motion on October 22, 2019. (Doc. 197).

Defendant eBay responded in opposition to the Motion on October 22, 2019. (Doc. 198).

Defendants Warner Music Inc., Rhino Entertainment Company, Atlantic Recording Corporation, Amazon.com, Inc., Microsoft Corporation, Pam Lueneburg, and Kris Ahrend (collectively, "Warner Defendants") responded in opposition to the Motion on October 22, 2019. (Doc. 199).

Defendant Apple Inc. joined Warner Defendants' Response on October 22, 2019. (Doc. 200).

Defendant Myspace Music LLC responded and joined in the responses filed by Defendant Pandora, Defendant eBay, and Warner Defendants on October 22, 2019. (Doc. 201).

Defendants Music Reports, Inc., W.B. Colitre, and Brian Oppenheimer joined the responses filed by Defendant Pandora and Warner Defendants on October 22, 2019. (Doc. 202).

1    Plaintiff replied on November 8, 2019, (Doc. 203), ten days after the Reply was due.
*See* LRCiv 7.2(d).[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides the framework for granting relief from a judgment. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The burden of establishing a ground for relief under Rule 60 is on the party seeking that relief. *See United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011) (burden for Rule 60(d)(3)); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (burden for Rule 60(b)). Whether to grant relief is within "the sound discretion of the trial court." *Thompson v. Hous. Auth.*, 782 F.2d 829, 832 (9th Cir. 1986) (per curiam).

## III. ANALYSIS

Plaintiff moves for relief from judgment under Rule 60(b)(3), (b)(4), (b)(6), and (d)(3). (Doc. 195).

---

[2] The Court "has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing," *Christian*, 286 F.3d at 1129; however, the Court will not sanction Plaintiff for her failure to timely file her reply brief.

### a. Rule 60(b)(3): Fraud

Plaintiff asserts that Defendants engaged in fraud, and thus, the Court should vacate its judgment against her. (*See, e.g.*, Doc. 195 at 3–4). Rule 60(b)(3) provides Plaintiff no relief. A party seeking relief under Rule 60(b)(3) must prove fraud, misrepresentation, or other misconduct by clear and convincing evidence. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted). Thus, "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d 1403, 1404–05 (9th Cir. 1987).

Plaintiff has pointed to no specific conduct that supports her allegation that any defendant, in this case, engaged in fraud. The only argument Plaintiff offers is that she believes that certain defendants committed fraud through their motion practice. But, ordinary motion practice cannot be grounds for relief under Rule 60(b)(3). *Cf. Casey*, 362 F.3d at 1260 (stating "run-of-the-mill discovery problem for which the rules provide remedies" did not constitute fraud for purposes of Rule 60(b)(3)). In short, Plaintiff's repeated assertions that she disagrees with a defendant's recounting or interpretation of certain facts or a defendant's application of law does not establish that any defendant committed fraud. If every dispute of fact or law constituted fraud, then "nearly every action would be vulnerable to re-litigation under Rule 60(b)(3)." *See Scott v. Donahoe*, No. CV-13-03927-RSWL-SH, 2015 WL 546020, at *5 (C.D. Cal. Feb. 10, 2015); *see also Henao v. Hilton Grand Vacations Co.*, No. 16-CV-00646-DKW-RLP, 2018 WL 5931110, at *3 (D. Haw. Nov. 13, 2018) ("It is certainly not fraud or misrepresentation, as a mere dispute of fact obviously does not mean or even imply either."). And even if Plaintiff is correct that at least one defendant committed fraud, Plaintiff has not shown that any defendant prevented her from fully and fairly presenting her case. In fact, Plaintiff responded to each motion to dismiss. (*See* Docs. 89; 104; 113; 120; 125; 132; 133). The Court denies

Plaintiff's motion for relief under Rule 60(b)(3) because she failed to meet her burden of showing entitlement to it.

   b.   **Rule 60(b)(4): Void**

Plaintiff also contends that the judgment is void, which she argues necessitates granting of her Motion to Vacate. (*See, e.g.*, Doc. 195 at 4, 9–10). "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

Plaintiff asserts that the Court's judgment was void because it was not entered in accordance with due process of law. (*Id.* at 2–3, 9–10). Procedural due process requires notice and an opportunity to be heard. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). Plaintiff's due process claim has no merit. Plaintiff asserts the Court denied her due process because she lacked notice. (Doc. 195 at 2–3). But, Plaintiff was on notice that her Complaint was subject to dismissal because she knew each defendant filed a motion to dismiss, which is evinced by the fact that she filed a response to each motion to dismiss. *United Student Aid Funds, Inc.*, 559 U.S. at 272 (indicating that there was no due process violation where party had "*actual* notice" of the action); (*see* Docs. 89; 104; 113; 120; 125; 132; 133 (Plaintiff's responses to motions to dismiss)). Indeed, Plaintiff's Motion to Vacate itself demonstrates that she had notice of the motions to dismiss; Plaintiff's Motion reads, "Plaintiff vigorously opposed Co-Defendants [sic] MTD by filing, e.g., Docs 89, 104, 113, 120, 125, 128, 132, 133." (Doc. 195 at 4 n.2). It is for this reason that Plaintiff also had an opportunity to be heard as Plaintiff responded to and opposed each motion to dismiss, and the Court considered her arguments. As such, Plaintiff was afforded adequate procedural protections, and therefore, the judgment was not void.

   c.   **Rule 60(b)(6): Other Reason Justifying Relief**

Plaintiff also asserts that the Court should vacate its judgment under Rule 60(b)(6). "[T]he exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its

judgment 'requires a showing of "extraordinary circumstances."'" *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Relief from judgment under Rule 60(b)(6) is limited to situations "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* Nothing has prevented Plaintiff from taking timely action to prevent or correct an erroneous judgment. She responded to each of the motions to dismiss, (Docs. 89; 104; 113; 120; 125; 132; 133), and the Court considered her arguments within those responses. Moreover, the Court cannot identify any specific argument that supports Plaintiff's request for relief under Rule 60(b)(6). Because it is Plaintiff's burden to establish the grounds for relief, and because she has failed to do so, the Court denies Plaintiff's Motion seeking relief under Rule 60(b)(6).

### d. Rule 60(d)(3): Fraud on the Court

Plaintiff also moves for relief from the Court's judgment under Rule 60(d)(3). Parties moving "for relief under Rule 60(d)(3) . . . must show fraud on the court, rather than the lower showing required for relief [from fraud] under Rule 60(b)(3)." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2675 (2018). This standard is "demanding." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Consequently, Rule 60(d)(3) "places a high burden on [the party] seeking relief from a judgment based on fraud on the court," *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006), and, as noted above, the party seeking relief must prove fraud on the court by clear and convincing evidence, *Estate of Stonehill*, 660 F.3d at 443–44.

Rule 60(d)(3) "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging

cases . . . ." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (quoting *In re Intermagnetics Am., Inc.*, 926 F.2d 912, 916 (9th Cir. 1991)). Thus, as one court put it,

> the elements for a fraud on the court perpetrated by an officer of the court are: (1) an officer of the court (2) perpetrated a fraud (3) that impaired the court's ability to perform its impartial task of adjudging cases. The officer of the court must have fraudulent intent, which connotes either knowledge, including reckless disregard, of falsity or intentional omission of material information.

*In re Michelson*, 141 B.R. 715, 726 (Bankr. E.D. Cal. 1992). A fraud on the court claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Aguirre v. Cal-Western Reconveyance Corp.*, No. CV 11-6911 CAS AGRX, 2012 WL 273753, at *9 n.9 (C.D. Cal. Jan. 30, 2012).

Throughout Plaintiff's Motion are claims that this Court acted numerous times with "fraudulent intent." (*See, e.g.*, Doc. 195 at 7; *id.* at 8; *id.* at 9; *id.* at 10; *id.* at 16). Plaintiff makes unsubstantiated claims that the Court's Order dismissing her case was intended to benefit certain defendants. (*See, e.g.*, *id.* at 9–10). Much of Plaintiff's argument centers on the Court's reasoning or its choice of wording, such as Plaintiff's assertion that the Court falsely stated that Plaintiff has a "*claimed copyright*."[3] (*Id.* at 16 (quoting Doc. 193 at 4)). At bottom, Plaintiff's claims boil down to her disagreement with the Court's conclusions and overall analysis. But, a fraud on the court claim does not lie where the basis of the claim is that the judge "'got it wrong' on the merits of [the] claims." *See Pena v. Bellnier*, No. 09 CIV. 8834, 2012 WL 4558511, at *1 (S.D.N.Y. Sept. 29, 2012)).

One of Plaintiff's contentions does merit attention, however. Plaintiff states that the Court committed fraud on the court in its September 9, 2019 Order (Doc. 193) by stating "[t]he first and only indication attached to her pleading that Plaintiff moved to Arizona is

---

[3] Because a court must accept all allegations as true, *nothing* is proven at the pleading stage unless a party admits the truth of the complaint's allegation in its answer. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Here, Defendants filed motions to dismiss and did not answer pursuant to Federal Rule of Civil Procedure 12(a)–(b), so there were no facts established for the Court to articulate.

an Arizona address listed in the signature line of her email to [a] non-party sent on December 14, 2016." (Doc. 195 at 11 (first alteration in original) (quoting Doc. 193 at 12)). Plaintiff then cites to (Doc. 1-2 at 25–26 (Ex. T)),[4] an exhibit attached to her Complaint that indicates she sent a letter to individual Warner Defendants Rhino Entertainment Company and Pam Lueneburg on July 2, 2015, from a Phoenix, Arizona address.

Warner Defendants stated in their motion to dismiss for lack of personal jurisdiction that the December 14, 2016 communication to a non-party was the only exhibit that Plaintiff attached to her Complaint that indicated that Plaintiff had moved to Arizona. (Doc. 64 at 11). Plaintiff did not respond to this statement in her response brief. (Doc. 104). In fact, she did not discuss the merits of Warner Defendants' assertion that the Court lacked personal jurisdiction over them. (*See id.* at 16 ("[P]ersonal/general/specific jurisdiction is non-applicable . . . ."); Doc. 123 at 3 (Warner Defendants' Reply) (noting that Plaintiff did not respond to Warner Defendants' argument regarding personal jurisdiction)). Typically, when a party fails to respond to an argument in a motion to dismiss, opposition to the argument is deemed waived. *See, e.g.*, *Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017); *Graham v. Rosemount, Inc.*, 40 F. Supp. 2d 1093, 1101 (D. Minn. 1999). Additionally, it is the parties' responsibility to bring relevant exhibits to the Court's attention. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002) ("[J]udges need not paw over the files without assistance from the parties." (alteration in original) (citation omitted)). Thus, Plaintiff's claim is belied by her failure to challenge Warner Defendants' assertion by bringing the relevant exhibit, (Doc. 1-2 at 25–26 (Ex. T)), to the Court's attention.

At any rate, the Court's misunderstanding does not affect its analysis that the Court lacks personal jurisdiction over each of the Warner Defendants as the Court specifically

---

[4] Plaintiff states that she could not find documents the Court referred to in its September 9, 2019 Order (Doc. 193). (*See* Doc. 195 at 11 (suggesting that the Court "fabricated" documents because "Plaintiff cannot find" certain documents the Court referenced)). The Court refers to documents using the Court's electronic filing label system rather than the designation Plaintiff used. To avoid further confusion, the Court will provide both the electronic filing label and the one Plaintiff used (i.e., Ex. A, Ex. B, etc.).

indicated in the September 9, 2019 Order that even if there was communication between Plaintiff and any one of the Defendants while Plaintiff lived in Arizona, "Plaintiff nonetheless fails to satisfy the purposeful direction test without alleging any conduct expressly aimed at Arizona." (*See* Doc. 193 at 13 n.5). Plaintiff's July 2, 2015 communication to individual Warner Defendants Rhino Entertainment Company and Pam Lueneburg does not establish conduct expressly aimed at Arizona. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (stating that the "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum"). Moreover, the Court's misunderstanding does not evince fraud on the court. Instead, error is dealt with under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1); *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989); *In re Fort Defiance Hous. Corp.*, No. 2:05-BK-04534-PHX, 2011 WL 1578504, at *5 (D. Ariz. Apr. 27, 2011). Accordingly, Plaintiff is not entitled to Rule 60(d)(3) relief on this ground.

Plaintiff also asserts that the Court erroneously dismissed Plaintiff's claim against Defendant eBay for failure to state a claim. (Doc. 195 at 12–15). But, Plaintiff's Motion again illustrates the futility of her claim against Defendant eBay under the first sale doctrine, 17 U.S.C. § 109(a). As the Court previously noted, (Doc. 193 at 18), the first sale doctrine allows one who purchases a lawfully distributed copyrighted work to freely dispose of it without the copyright holder's permission. *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 524 (2013).

Plaintiff again cites evidence that a copy of the alleged copyrighted work was listed on Defendant eBay's site after the license terminated in 2015. (*See* Doc. 195 at 12–13). This listing shows that the release date of the CD box set that includes Plaintiff's alleged copyrighted track was September 22, 2009, (*id.*), just like the exhibits Plaintiff attached to her Complaint, (Doc. 1-3 at 2–3, 22–25 (Ex. U)). In 2009, Plaintiff granted a mechanical license to Defendant Rhino Entertainment Company to make copies of the alleged copyrighted work. (Doc. 1 at 6–7). Plaintiff again alleges no facts that support a claim that any of the box sets sold on Defendant eBay's site were not manufactured and distributed

| | |
|---|---|
| 1 | under the license. And the fact that the listing indicates the box set was "new" does not |
| 2 | mean that the first sale doctrine does not apply as Plaintiff seems to suggest. (Doc. 195 at |
| 3 | 12–13). In fact, the very listing Plaintiff cites in her Motion states that when an eBay listing |
| 4 | indicates an item is "new," it means that the "item has never been opened or removed from |
| 5 | the manufacturer's sealing." (*Id.*). Therefore, the fact a listing says an item is "new" does |
| 6 | not mean that the item is being sold for the first time such that the first sale doctrine would |
| 7 | not apply. In short, Plaintiff again fails to allege facts that state a plausible claim of |
| 8 | copyright infringement against Defendant eBay. |
| 9 | Plaintiff's Motion (Doc. 195) illustrates exactly why the Court dismissed Plaintiff's |
| 10 | claim against Defendant eBay with prejudice as her claim against Defendant eBay is futile |
| 11 | as a result of the first sale doctrine. Plaintiff still alleges no facts that illustrate that any |
| 12 | copy of the alleged copyrighted work that was listed on Defendant eBay's site was made |
| 13 | and distributed by Defendant Rhino Entertainment Company after the mechanical license |
| 14 | was terminated. (*See* Doc. 193 at 17–19). Instead, Plaintiff's own evidence again |
| 15 | establishes the futility of her claim against Defendant eBay. |
| 16 | Thus, the Court denies Plaintiff's Motion seeking relief from judgment under Rule |
| 17 | 60(d)(3). |

**IV. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Vacate (Doc. 195) is **DENIED**.

Dated this 12th day of November, 2019.

*[signature]*
James A. Teilborg
Senior United States District Judge